## No. 7078.

### THE STATE VS. JACOB AND DAVID GUNTER.

When a bill of exception to a ruling of the judge in a criminal trial contains a state-
ment of facts in opposition to his own recollection, and his notes of evidence,
he is justified in refusing to sign the bill, and to hear any evidence to contradict
his own recollection and notes.

Whether the judge below has, or has not improperly refused to sign a bill of excep-
tion, is a question which can only be inquired into, when brought before this
court in a *mandamus* proceeding.

A prisoner has no right, under the law, to a service on him of a list of the talesmen
summoned.

The confession of a prisoner, if received in evidence, must be received as a whole;
but it is for the jury to determine whether the whole of it, or any part of it is
entitled to credit; and if so, how much credit.

To offset his declarations to one person, offered in evidence by the State, the accused
has no right to introduce in evidence other declarations of his, made to other
persons, unless they were made *at the same time*, as those offered by the State.

While this court will review, and consider the evidence taken on a motion for a new
trial in a criminal case if brought here by bills of exception, or by affidavits
appended to the motion, yet it can not be said that the lower court erred, when
such evidence was orally produced, in refusing to have it reduced to writing.

The charge of the lower court and the facts urged as grounds for a new trial can be
brought before this court in no other way than by bills of exception.

In the interest of justice, this court will sometimes grant a new trial in a criminal
case, when no precedent for it exists.

APPEAL from the Ninth Judicial District Court, parish of Vernon.
*Blackman*, J.

*H. N. Ogden*, Attorney General, for the State.

*Robert A. Hunter* for defendant.

The opinion of the court was delivered by

EGAN, J. The defendants were indicted for murder, found guilty of
manslaughter, and sentenced, respectively, to six and three years con-
finement at hard labor in the Penitentiary. After an ineffectual motion
for new trial they have appealed.

The case is before us on several bills of exception, the first of which
is to the refusal of the judge to sign a bill of exceptions prepared by
the counsel for the accused in regard to one of the jurors who was
sworn to try the case after being examined on his *voir dire*, and to the
refusal of the judge when applied to to sign the bill, to hear evidence of
defendant's counsel as to what his ruling had been, and what were the
answers of the juror upon which that ruling was based. The judge
refused to sign the bill as drawn by counsel, for the reason, as stated by
him, that the statements of what the juror had sworn on his *voir dire*,
contained in it, did not accord with his recollection of the facts, and that
his uniform ruling had been other than as stated by counsel. The judge

State vs. Gunter.

refused to hear the evidence offered in support of the bill as drawn, which was the testimony of three counsel for the accused, for the reason as stated by him that (he) "I would not hear testimony to contradict my own notes and recollections of the facts." The judge did not err in refusing to hear the evidence offered to contradict himself and his own recollection and notes of the facts as stated by him. We know and have been referred to no precedent for so extraordinary a proposition, and one so subversive of all the proprieties of judicial proceeding and the discipline and authority of courts and judges. As to whether the judge properly refused to sign the bill of exceptions as drawn by counsel, we can not determine on a bill of exceptions to such refusal. Where a judge refuses to sign a bill of exceptions properly taken, the proper remedy is by mandamus. C. P. 899; 3 M. 714; 13 An. 484.

The second bill of exceptions is to the refusal of the judge on the trial after the regular panel had been exhausted and tales jurors summoned by order of the court to have a list of the tales jurors served upon the accused as requested by their counsel. The court did not err. The prisoners had no right under the law to service of a list of talesmen summoned. See State vs. Reeves, 11 An. 685; 14 An. 461; same, 651.

The third bill of exceptions is to the refusal of the judge at the request of the counsel for the accused to charge the jury after the State had offered evidence of a confession of the accused in regard to the homicide "that the confession of the accused having been elicited by the State the jury must take the whole confession together; that they could not admit a part without receiving the whole, and that the State was bound by the confession as it had been brought out by the State."

No bill was taken, nor does it appear that the court received a part of the confession and rejected the remainder. We therefore understand, and from the reasons given by the judge for his ruling, that it related entirely to the effect and not the admissibility of the confession. He says " the court refused the charge requested for the following reasons: The court charged the jury that they were the judges of the law and the evidence; that they could believe the confession of the prisoner as true or false; that they had the right to believe a part and reject the other if they saw fit, or reject the whole; the truthfulness or falsity of all evidence, and the weight to be attached to it, being left exclusively to them. The charge asked by defendants' counsel is not law."

Greenleaf says on this subject, vol. 1, sec. 201: " But though the whole of what he, the person making the admission, said at the same time and relating to the same subject must be given in evidence—as we understand was done in this case—yet it does not follow that all parts of the statement are equally worthy of credit; but it is for the jury to consider under all the circumstances how much of the whole statement they

deem worthy of belief, including as well the facts asserted by the party in his own favor as those working against him." See to similar effect State vs. Wedmeyer, 11 An. 49; State vs. Bruyer, 14 An. 461.

The court did not err in refusing the charge asked for, as we understand the facts presented by the bill.

The fourth bill of exceptions is to the refusal of the judge to receive the evidence of a witness offered by the accused to prove declarations or confessions of one of the accused, " about the same time," to other persons than the witness Rhames, who had given evidence for the State of certain confessions of the same party in regard to the homicide. The accused had a right to have offered the whole of the confessions made at the *same time* with those offered by the State, whether made to the same person or not, if we can conceive of such a case, but he had no right to offer on his own behalf declarations made by him in his own favor at a different time from those offered by the State, no matter to whom made. No connection is shown between the confessions or admissions received and those rejected.

The court did not err in refusing to receive the evidence. The record is silent upon the subject, but it has been stated at bar by the counsel for the accused that he was permitted at his own request to await the close of the trial before presenting bills of exception on points reserved during its progress. If this be so, it accounts very naturally for any difference in regard to them between judge and counsel, and only illustrates anew the propriety of what this court has often said, that bills should be presented without unnecessary delay, while the facts are fresh in the memory of both judge and counsel. See 5 An. 24. This is especially true in cases of so grave a character as the present, and it is not for us to presume that a judge whose duty it is to preside impartially and to accord to the accused and his counsel every right given them by the law has failed or refused to do so.

The fifth bill of exceptions is to the refusal of the judge to have taken down in writing for use upon appeal testimony offered by the accused to substantiate the facts alleged as grounds for new trial. The judge says he refused to comply with the request of counsel for the reason that the evidence in criminal cases is not required to be reduced to writing, as the Supreme Court has appellate jurisdiction in such cases on questions of law only. There is no question of the general correctness of this proposition, but its application is usually to the evidence given upon the trial on the merits of the case, which, of course, under the Constitution, and as we have often held, can not be considered by this court, even if brought up in the transcript. It often happens, however, that we have occasion to review and do review the evidence, and the action of the court below upon it, given on matters incidental to the

trial, with a view to ascertaining whether or not that court has ruled correctly as to matters of law based upon the facts proved. As, for instance, in regard to the competency of jurors or witnesses, or the propriety of challenges to jurors. The case at bar is a novel one, and while the judge is doubtless right in saying that evidence in criminal cases is not required to be taken down in writing as in civil cases, it is to be regretted that, as he thought proper to hear evidence in support of the motion for new trial, we are not afforded, by a statement of the facts upon which he ruled, to consider how far he ruled correctly.

The better practice is to append to the motion for new trial evidence in the shape of supporting affidavits which come up with the motion itself; otherwise, it is only by bills of exception that the facts upon which the court below ruled in incidental matters in criminal cases come before us. The bill under consideration does not present the evidence referred to, and we are therefore unable to pass upon or consider it, and thus to afford the accused the benefit of this bill of exception. The motion for new trial itself is based upon the discovery since the trial of important and material evidence, first, affecting the competency of one of the jurors who tried the case, and contradicting his statements when sworn on his *voir dire;* and, second, in regard to statements made prior to the trial by the principal witnesses for the State, in regard to the material facts and their means of knowledge of them, directly contradicting their evidence as given on the trial. Next, upon the ground of alleged misconduct of the district attorney, in giving to the jury and permitting them to take with them to their room, without the knowledge or consent of the counsel for the accused or of the court, and specially inviting the attention of the jury to certain law books with passages marked, with a view of influencing their verdict; matters which were not known to the accused till some time after the jury had retired to their room. Misconduct on the part of the jury, based upon the same matter, is also alleged. The motion for new trial further sets forth the fact that the judge gave certain charges to the jury alleged to be erroneous, which are stated in and as part of the motion; and also the general ground that the verdict is contrary to the law and the evidence.

None of the grounds for new trial are presented for our consideration by bills of exception. If the district attorney did so hand law books with marked passages to the jury for use in their room, it was extremely irregular and improper, no matter how intended. We are, therefore, compelled to remind counsel that *the charge* of the court, whether in a criminal or civil case, can not be proved by witnesses, much less by the affidavit of the accused for new trial, but can only be brought before this court for review through a bill of exceptions—see 8 R. 529,

and 571; 10 M. 66; State vs. McClanahan, 9 An. 210—and that facts appearing as one of the grounds in a motion for new trial will not supply the place of a bill of exceptions. See State vs. Romero, 5 An. 24. The counsel should have taken a bill stating the facts of the conduct on the part of the district attorney and the jury complained of. Without it, they are not properly before us, and we can not assume, without bills of exception, either the existence of those facts, or that the court gave the charges complained of. It is, therefore, unnecessary, as it would be improper, for us to pass upon their correctness or incorrectness. Our attention has been invited to a statement contained in the certificate of the clerk at the close of the transcript, that the evidence of certain witnesses taken on a preliminary trial of the accused, and which was offered in evidence on the trial in the court below, was handed to the jury by order of the court and never returned by them. This statement is made as a reason for not including this written evidence in the transcript. It was neither necessary nor proper that it should be so included, and no bill of exceptions was taken to its being handed to the jury on their retirement, so that the principles just referred to in regard to statements of fact in the motion for new trial apply equally to this also. We will, however, take occasion, in this connection, to remark that if such a thing was done, it is, to say the least, unusual, and that we are not prepared to apply to such a state of facts as that presented by the clerk's statement the principle which, under the peculiar circumstances of that case, seems to have been announced in the State vs. Bradley, 6 An. 556, where the jury improperly took with them to their room a paper offered in evidence, especially as the court then immediately instructed the jury to disregard it. Such partial reminder of the facts of cases out of the presence of court or counsel would be extremely dangerous, especially as juries are now constituted.

While, however, we have applied the principles of well settled law to the various matters reviewed and discussed by us in detail, on the whole case, we are not left without an impression of the possibility that there may have been irregularities calculated to influence the result of the trial unfavorably to the accused, and that his counsel may have mistaken the manner of presenting them for the consideration of this court. As, therefore, less injury would be done to the State by our granting another trial than, possibly, to the accused by refusing it, and as this court has held new trials may sometimes be granted though no precedent exist for them,

It is ordered that the verdict and sentence appealed from be and they are avoided and set aside, and the case remanded to be proceeded with according to law.