versed and judgment is rendered in favor of the appellant, disallowing the funeral bills and expenses of last sickness.

*Judgment reversed.*

Sherick, P. J., and Montgomery, J., concur.

The State of Ohio, Appellee, *v.* Thompsett et al., Appellants.

(Decided February 6, 1940.)

*Mr. Ralph J. Bartlett,* prosecuting attorney, and *Mr. H. L. Holden,* for appellee.
*Mr. Peter Albietz* and *Mr. John M. Scott,* for appellants.

Hornbeck, P. J.   On the 14th day of December 1938 defendants were jointly indicted for armed robbery of the Grandview branch of the Ohio National Bank. In due time the cause came on for trial, a jury was duly waived by the defendants, and an agreement to submit the case to the trial judge was entered into.

The trial court found the defendants guilty and each was sentenced to imprisonment in the penitentiary for life. Motion for new trial was filed, overruled, and final judgment entered on February 3, 1939.

On February 21st notice of appeal was duly filed and on the same date præcipe was filed for transcript of docket and journal entries.

The cause was docketed in the Court of Appeals on March 1, 1939. Defendants not having filed brief within the time prescribed under the rules of the court, the prosecuting attorney, representing the state, filed a motion to dismiss the appeal for non-compliance with such rule.

On October 30, 1939, this court caused an order to be duly journalized, overruling the motion, and declaring that Rule VII of the Courts of Appeals does not apply to criminal actions.

Defendants' brief was not filed until January 27, 1940. The bill of exceptions was not filed until January 30, 1940, long past the time allowed by statute for the filing of such bill—almost a month after the hearing assignment in this court. The date set for oral argument was January 31st.

The state asks an affirmance of the judgment of the lower court on the ground that the claimed errors may only be made manifest through a bill of exceptions. An oral motion was made to dismiss the bill of exceptions, because it was not filed within statutory time. Leave was granted to present a formal written motion since the bill was only attempted to be filed on the day preceding the oral argument.

Counsel now representing the defendants are not the same as the ones representing them in the trial and at the time of filing the notice of appeal. The principle of law is well established that a reviewing court has no right to set aside the statutory provisions providing time for filing a bill of exceptions. Counsel for defendants present no citation of authorities authorizing the

filing of such bill at this late date. It is urged that the liberty of the defendants should not be jeopardized because of the failure of former counsel to have the bill prepared, allowed, and filed within time. It is proper and necessary that the Legislature provide procedural steps to be had in the trial of all actions in order that the cause may proceed in an orderly manner. It might just as consistently be argued that defendants should not be jeopardized because an attorney did not file a notice of appeal, but no one would deny that this is a jurisdictional requirement and may not be waived.

Every litigant when he goes into court is bound by the action of his attorney on jurisdictional questions and statutory requirements.

The brief and oral arguments of defendants' counsel appeal to the sympathies of this court.

We are sympathetic in the dilemma in which counsel find themselves, but our sympathies cannot override the law. We make reference to the second paragraph of the syllabus in the case of *Luff* v. *State,* 112 Ohio St., 102, 146 N. E., 892; also *State* v. *Bell,* 52 Ohio App., 11, 2 N. E. (2d), 786. Both of the cited cases were criminal cases and are directly in point.

We have no alternative but to strike the bill of exceptions from the files and affirm the judgment of the trial court.

*Judgment affirmed.*

GEIGER and BARNES, JJ., concur.