**TOMPSETT v. STATE OF OHIO et al.**

No. 9758.

Circuit Court of Appeals, Sixth Circuit.

Dec. 14, 1944.

Writ of Certiorari Denied April 2, 1945.

See 65 S.Ct. 916.

Edwin Tompsett, in pro. per., on the brief, for appellant.

Daronne R. Tate, of Columbus, Ohio (Thomas J. Herbert and Daronne R. Tate, both of Columbus, Ohio, on the brief), for appellees.

Before HICKS, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant appeals from an order of the District Court dismissing his petition for a writ of habeas corpus without a hearing.

Appellant is confined in the State Penitentiary at Columbus, Ohio, under a life sentence for armed bank robbery. The judgment of which he complains was rendered pursuant to a valid indictment under a valid state statute. The basis of his petition is (1) that he did not have the benefit of competent counsel at all necessary stages of the proceeding, which culminated in his conviction and sentence; (2) that he was deprived of the right to trial by jury and was convicted on perjured testimony, all in violation of his rights under the Fourteenth Amendment to the Constitution.

Appellant presented his case in the District Court and presents it here in propria persona.

Appellant claims that his rights and remedies in the state courts are inadequate or that they were lost by reason of the negligence of his counsel and in this connection he states that his application for a new trial, appeal to the Court of Appeals of the State, State v. Thompsett, 65 Ohio App. 378, 29 N.E.2d 967, application for a writ of habeas corpus and application for a writ of coram nobis have all been categorically denied.

For the purpose of this appeal, we accept the statement of facts set forth in appellant's petition and also the additional facts set forth in his brief.

About twelve o'clock, noon, November 4, 1938, a branch of the Ohio National Bank at Grandview, Ohio, was robbed, the robbers using firearms to put the employees and customers in fear. On November 7, 1938, appellant and his co-defendant in the state court were apprehended at Akron, Ohio, and returned to Columbus, Ohio, where warrants were issued for them charging them with armed robbery. On November 10, 1938, an attorney of Columbus, Ohio, went to the jail where appellant and his co-defendant were confined and advised them that he had been sent by another attorney of Akron, Ohio, to talk with them

about their defense. Appellant and his co-defendant jointly employed the Columbus attorney for a fee of $1,000 to represent them in the trial and in any other proceedings in the case.

A preliminary hearing was had, which appellant's attorney failed to attend. After appellant was indicted and shortly before the trial was commenced, his attorney told appellant and his co-defendant that he had ascertained their trial was to be held before the Honorable Charles A. Leach, presiding Judge of the Court of Common Pleas, Franklin County, Ohio, and stated he had mentioned appellant's case to Judge Leach, who seemed to share the prevalent opinion that appellant and his co-defendant were innocent of the crime charged. The attorney suggested that the defendants waive a jury trial and submit the law and facts to the court, to which suggestion they reluctantly agreed. However, an order waiving a jury was entered in the cause by the defendants through their attorney, and in their presence.

The defense of appellant and his co-defendant was an alibi and none of the state's witnesses personally knew either of them. Their identification of appellant and his co-defendant as participants in the crime was by viewing them at the trial and comparing their visual impression with their memory impression of the physical characteristics of the robbers they had seen in the bank. Appellant was thus identified by three witnesses and his co-defendant by one.

Appellant was a victim in his youth of poliomyelitis and the ravages of the disease had left him with a decided limp in one leg. The agents of the Federal Bureau of Investigation had in their possession a complete physical description of the bank robbers, which was furnished by persons present at the robbery, which description did not conform to the physical characteristics of either appellant or his co-defendant.

Appellant claims that he and his co-defendant, with the latter's wife, were on an automobile trip from Akron, Ohio, to Rushville, Indiana, on the day of the robbery and at the hour the bank robbery occurred all of them were together in a restaurant at Vandalia, Ohio, where there were present several waitresses. Appellant alleges that his attorney wilfully failed to subpoena these witnesses and also failed to issue subpoena duces tecum for the records of the Federal Bureau of Investigation.

Appellant says that if these witnesses had testified and the descriptive records of the Federal Bureau of Investigation had been introduced in evidence, such evidence would have shown beyond doubt that appellant was innocent of the crime of which he now stands convicted. Appellant says he and his co-defendant urged their attorney to have these witnesses present and these records produced, all of which he promised, but none of which he did.

Appellant further says that he and his co-defendant requested their attorney to move the court for an order for a separation of witnesses, but that their attorney refused to make the motion and as a result thereof the witnesses heard each other testify and saw some of them identify the accused and also that a state detective stood in the corridor at the entrance to the court room and pointed this appellant and his co-defendant out to each witness before the witness testified and that their attorney ignored their request to ask the court to make the detective desist from coaching witnesses.

Appellant further alleges that all of the state's witnesses who were present in the bank at the time of the robbery testified that three men participated in the robbery who, after obtaining the money, ran from the bank and entered a waiting automobile. Appellant says he was physically unable to run because of his crippled leg, but that his attorney refused to cross-examine the witnesses as to his crippled condition or to call it to the attention of the court.

Appellant alleges that one witness who testified at the trial and identified appellant as a participant in an earlier bank robbery at Clintonville, Ohio, a year later admitted that her statement was false, at which time she identified two other men at Cincinnati, Ohio, as the participants in the Clintonville robbery. Appellant also states that another witness from Akron, Ohio, testified falsely that while he was a detective in that city about eight years previous to the trial, he had arrested appellant and his co-defendant for jointly committing the crime of robbery.

Appellant's attorney neglected to file timely with the Court of Appeals for Franklin County, Ohio, an appeal from the decision of the trial court and appellant was compelled to employ other counsel. The court, however, refused to allow the appeal because of the bar of the Statute of Limitations.

Appellant alleges that previous to the employment of their counsel said attorney had been charged with violating the criminal statutes of Ohio and in order to avoid prosecution for the offense, he had promised to do whatever the law enforcement officers of the state requested him to do and that the acts of omission and commission of said attorney in the trial of appellant and his co-defendant were because of the improper influence and domination over him exercised by the prosecuting officers.

■ Generally, the Fourteenth Amendment to the Federal Constitution and the Constitution of the State of Ohio, art. 1, § 10, guarantee a person accused of crime certain rights of which he may not be deprived without his consent. Among these is the right to trial by jury, the right to appear in person or by an attorney, to have compulsory process to secure the attendance of witnesses in his behalf and to have a fair and impartial trial according to the method of procedure generally followed in courts in the trial of criminal cases. All of these enumerated rights are for the benefit of the accused. He alone is interested in them and under well-settled legal principles, the accused may waive those growing out of the Constitution, as well as irregularities occurring in the trial of the cause and such a waiver may be shown by acts and conduct and also by non-action. Patton v. United States, 281 U.S. 276, 309, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 146; Adams v. United States ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138.

■ All of the matters of which appellant complains except the use of perjured testimony to secure his conviction, stem from the negligence or misconduct of his attorney. There is nothing in the record from which an inference could be drawn that appellant was denied by the trial court the right of counsel or the right to be heard by himself and by his counsel. So far as this branch of the case is concerned, the question resolves itself into how far, if at all, appellant was bound by the acts of his attorney or his failure to act in the course of the trial. The incompetency or negligence of an attorney employed by a defendant does not ordinarily constitute grounds for a new trial and a fortiori will not be grounds for the application of the Fourteenth Amendment. Norman v. United States, 6 Cir., 100 F.2d 905; Ex parte Haumesch, 9 Cir., 82 F.2d 558; Sayre v. Commonwealth, 194 Ky. 338, 238 S.W. 737, 24 A.L.R. 1017; Edwards v. Territory, 8 Ariz. 342, 76 P. 458; State v. Dreher, 137 Mo. 11, 38 S.W. 567; State v. Benge, 61 Iowa 658, 17 N.W. 100; People v. Gourdin, 108 Cal.App. 333, 291 P. 701; State v. Wilson, 51 Idaho 659, 9 P.2d 497; People v. Brothers, 347 Ill. 530, 180 N.E. 442; State v. Lindstrom, 180 Minn. 435, 231 N.W. 12; Starr v. State, 205 Wis. 310, 237 N.W. 96.

The concept of this rule is that the lack of skill and incompetency of the attorney is imputed to the defendant who employed him, the acts of the attorney thus becoming those of his client and so recognized and accepted by the court, unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his attorney's defense of him or his lack of it and, after the trial has resulted adversely to defendant, obtain a new trial because of the incompetency, negligence, fraud or unskillfulness of his attorney.

■ The foregoing rule has no application when it is made to appear that the defendant is ignorant of his rights and unacquainted with the course of proceedings in criminal cases. In that event if the attorney selected by such a defendant is so incompetent or dishonest or so improperly conducts defendant's case as to amount practically to no representation, the defendant is prejudiced and thereby deprived of a fair trial and a court should grant relief by use of the writ of habeas corpus. Coates v. Lawrence, D.C., 46 F.Supp. 414, affirmed in 5 Cir., 131 F.2d 110. Appellant's case does not come within the exception.

Appellant makes no showing that he is unfamiliar with the course of proceedings in criminal cases; on the other hand, he shows a great familiarity with them. All of the misconduct of his attorney of which he complains occurred in open court and in the presence of the presiding judge, yet at no stage of the proceedings did appellant repudiate his counsel or manifest to the court his objection to or lack of concurrence in the procedure counsel was following. Under such circumstances it must be concluded that appellant intelligently waived trial by jury and consented to or ratified all other acts of his attorney of which he complains.

■ Since the failure of his attorney to attend the preliminary hearing occurred sometime before the trial, and appellant did not then discontinue the attorney's services, it must be presumed that appellant considered the failure of the attorney to appear at that time of little importance.

■ The claim of appellant that his attorney was improperly influenced by the prosecuting officials of Ohio becomes immaterial to the issue because of the rule here applied that appellant acquiesced in the attorney's conduct. Under such circumstances the motive of the attorney is immaterial as it did not influence appellant in his acquiescence.

■ Appellant's contention that he is entitled to the relief sought because one of the witnesses for the prosecution committed perjury and that another witness repudiated her testimony after his conviction and sentence, deserves but scant consideration. There is no statement of fact in the record from which an inference could be drawn that the officials connected with the trial in the state court, knowingly procured false testimony or knowingly perpetrated a fraud upon the court or the defendant. The competency of the evidence in question and its weight was for the trial court and on the showing here made there was no deprivation of appellant's liberty without due process of law. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Hysler v. Florida, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932.

Judgment affirmed.