## FIEDLER v. SHUTTLEWORTH.

### No. 10029.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1946.

See also, D.C., 57 F.Supp. 591.

Walter M. Nelson, of Detroit, Mich. (Walter M. Nelson, of Detroit, Mich., on the brief), for appellant.

John C. Lehr and John C. Ray, both of Detroit, Mich., on the brief for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Franz P. Fiedler appeals from an order of the District Court denying his petition for a writ of habeas corpus.

On May 6, 1943, in the District Court for the Western District of Pennsylvania, appellant was charged in an indictment with a violation of the Espionage Act of 1917, 50 U.S.C.A. § 33. The indictment contained two counts. The first count averred that he unlawfully, wilfully and feloniously attempted to cause insubordination, disloyalty and refusal of duty in the military and naval affairs of the United States, to the injury of the service of the United States, by wilfully making certain written statements to one Harry W. McMurtry and divers other persons. The second count averred that he unlawfully, wilfully, knowingly and feloniously obstructed the recruiting and enlistment service of the United States to the injury of said service of the United States by wilfully making certain written statements to McMurtry and divers other persons.

Upon the advice of his counsel, appellant entered a plea of guilty, and on June 1, 1943, he was sentenced to imprisonment for

ten years and to pay a fine of $5000.00 and costs. He was committed to the Federal Correctional Institution of Milan, in the Eastern District of Michigan, and is now in the custody of Cecil John Shuttleworth, appellee, the Warden of that Institution. While so imprisoned he filed his petition in the District Court for the Eastern District of Michigan, for a writ of habeas corpus, which was amended on January 3, 1945.

Shuttleworth answered, and admitted that appellant's detention was in obedience to a commitment out of the District Court for the United States for the Western District of Pennsylvania, but denied all other material allegations of the petition. The cause was heard by the District Court and the petition was denied.

The crux of appellant's complaint is, that the opinion of the Supreme Court in Hartzel v. United States, 322 U. S. 680, 64 S.Ct. 1233, 88 L.Ed. 1534, demonstrates that his commitment and confinement is unlawful. We cannot agree. The Hartzel case was decided on June 12, 1944, more than one year after appellant was committed. It simply held that the evidence therein was insufficient to sustain Hartzel's conviction of a violation of the Espionage Act and nothing more. The court pointed out that the word "wilfully" found in the Act required proof of a specific intent of Hartzel to violate it, and that the evidence was insufficient to show beyond a reasonable doubt that he intended to bring about the specific consequences prohibited by the Act. Here, appellant's commitment followed his confession of guilt upon the advice of his counsel.

At the hearing before the District Court, the only oral evidence submitted was the testimony of appellant. The substance of it is that he was born in Germany; that in 1912 he graduated from the University of Basle, in Switzerland, with the degree of doctor of chemistry; that he served four years as a German soldier in World War I; that at forty years of age he came to the United States in 1926, and had been employed as a chemist by various manufacturing concerns; that he left three brothers and four sisters in Germany; that he became a naturalized citizen in 1932 or 1933; that on October 23, 1942, while this country was at war, he mailed at Pittsburgh (in the Western District of Pennsylvania) an anonymous postcard addressed to Harry W. McMurtry, a selective service registrant who had just been inducted into the United States Army. The postcard contained the following matter:

"Now you are in the army, not an American soldier, but a British foreign legionary. Remember: You are fighting for the British empire, for Jewish world domination and Russian bolshevism. You are fighting against America's true interests, against civilization, and against Christianity. You are fighting everywhere but on American soil. We cannot lose for we have nothing at stake. If we win the battles, we lose our freedom to the talmudists; if we lose the battles, we actually win the war, for then we can get even with those who are swindling and betraying the people. Those gangsters in Washington tell you: Onward Christian soldier, kill the Christians. Vote, but vote against the democrats. May God save America from those democratic criminals. Read: The Road to Victory. By George Sullivan. Washington, D. C. March 1942. This is very important. Get circumcised in order to be an 'American.'"

This postcard contained the writing set forth in each count of the indictment.

We have set out the undisputed facts in order to reflect clearly the issue which we are called upon to review, and that is, whether the court erred in denying the writ. We are not concerned here with the question of appellant's guilt or innocence. Ex parte Quirin, 317 U.S. 1, 25, 63 S.Ct. 1, 2, 87 L.Ed. 3. A circuit court of appeals has jurisdiction to determine that question only by an appropriate appeal and the writ of habeas corpus may not be substituted therefor. Such has been the law since the beginnings of federal jurisprudence. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455, and the numerous cases therein cited. For this reason the Hartzel case is wholly inapplicable.

The scope of our review is limited to two questions, (1) whether the District Court that committed appellant had jurisdiction of the offense with which he was charged; and (2) whether any of his constitutional rights had been violated.

The answer is obvious. The District Court that committed appellant had jurisdiction "of all crimes and offenses cognizable under the authority of the United States." 28 U.S.C.A. § 41(2). It follows that the District Court had jurisdiction of offenses denounced by the Espionage Act

and here involved. This is not challenged and the record contains nothing to indicate that any constitutional privilege of appellant was violated. It is urged that, tested by the opinion in the Hartzel case, supra, appellant made a mistake in pleading guilty; that his counsel made a mistake in advising such a course, and that the court made a mistake in accepting the plea; but appellant's counsel was of his own choosing, and was reputable, and in good standing. See Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95; and Norman v. United States, 6 Cir., 100 F.2d 905, 906. There is no evidence from which we may infer that any such mistakes were made, but even so, it follows that they were no more than mistakes of law, reviewable only by appeal and not upon a writ of habeas corpus. The burden was upon appellant to show by a preponderance of the evidence (Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830) that he has been deprived of some constitutional right. In this regard he has wholly failed, both in the allegations of his petition, and in the evidence adduced to support it.

The judgment is affirmed.