**UNITED STATES of America ex rel. Alexander PISCIONE, Appellant,**

**v.**

**John M. LEHMANN, Officer in Charge, Immigration & Naturalization Service, Appellee.**

**No. 12733.**

United States Court of Appeals Sixth Circuit.

July 5, 1956.

Henry C. Lavine, Cleveland, Ohio, for appellant.

Eben H. Cockley, Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Following administrative hearings on June 1, 1950 and March 8, 1951, an order of deportation was entered on August 21, 1951 by the Assistant Commissioner of Immigration and Naturalization ordering appellant deported on the grounds that (1) at the time of entry he was an immigrant not in possession of a valid immigration visa and was not exempted from such requirement, (2) at the time of entry he did not present an unexpired passport issued by the government of the country to which he owed allegiance, and (3) he had been sentenced to im-

prisonment for one year or more for larceny within five years after entry.

The proceedings were reopened for the possible exercise of discretionary relief. The Special Inquiry Officer held that appellant was statutorily ineligible for discretionary relief because of his conviction and confinement in the state penitentiary. Appellant's appeal to the Board of Immigration Appeals was dismissed by the Board on November 19, 1954 and a warrant of deportation was issued on December 3, 1954 on the three grounds above stated.

Appellant filed the present habeas corpus proceedings in the District Court, in which he claimed to be a citizen of the United States and that the order of deportation was arbitrary and capricious and therefore illegal. In the hearing in the District Court evidence was heard at length on the issue of citizenship, revolving around the factual question of whether appellant was born in Sault Ste. Marie, Ontario, Canada or Sault Ste. Marie, Michigan. The District Judge held on the conflicting evidence that appellant was born in Canada and was not a citizen of the United States. The finding is supported by the evidence, is not clearly erroneous, and must be accepted on this appeal.

The District Judge correctly declined to hear de novo the factual issues relating to the grounds of deportability, particularly the issue whether appellant's conviction for larceny was or was not within five years after entry into the United States. Kessler v. Strecker, 307 U.S. 22, 34–35, 59 S.Ct. 694, 83 L.Ed. 1082. No contention is here made that appellant did not have a fair administrative hearing. No challenge is made of the findings with respect to grounds 1 and 2. In our opinion, the finding of deportability on the third ground was supported by substantial evidence and there was no error on the part of the District Judge in dismissing the writ. United States ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218.

The judgment is affirmed.