Otie GRAY, Petitioner-Appellant,

v.

Wilburn C. JOHNSON, Warden, Respondent-Appellee.

No. 16267.

United States Court of Appeals Sixth Circuit.

Nov. 29, 1965.

Certiorari Denied March 28, 1966. See 86 S.Ct. 1232.

Robert J. Warner, Jr. (Court Appointed), Nashville, Tenn., for appellant.

Ed R. Davies, Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

**PER CURIAM.**

This is an appeal from a judgment of the District Court dismissing appellant's petition for a writ of habeas corpus. On October 20, 1954 appellant Gray was convicted in the Circuit Court of Union County, Tennessee, on a plea of guilty, for murder in the first degree, and was sentenced to 99 years' imprisonment. After denial of his petition for writ of habeas corpus by the Supreme Court of Tennessee, appellant filed a petition for writ of habeas corpus in the United States District Court alleging violations of his constitutional rights.

Appellant contended that his signed confession wherein he admitted drowning his wife, was coerced by the arresting sheriff who kicked and abused him until he signed the confession in order to obtain relief from such treatment; that he was denied his right to counsel when the sheriff refused to grant his request to see an attorney until after the confession was signed; that the plea of guilty entered by his retained attorney was unauthorized; and that he did not realize that a guilty plea had been entered until he was sentenced.

The District Court held a hearing at which appellant, the state prosecuting attorney and Judge, and one of appellant's attorneys, testified. The Court found that appellant failed to sustain his burden of proving any violation of his constitutional rights. Specifically, the Court found that appellant did not establish by a preponderance of the evidence that his confession was coerced without benefit of counsel. The Court further found that even if coercion in obtaining the confession had been established, that fact would not sustain appellant because of his subsequent plea of guilty, which was freely and voluntarily made upon advice of his own counsel.

▮ A petitioner in a habeas corpus proceeding must prove his allegations by a preponderance of the evidence. Fiedler v. Shuttleworth, 153 F.2d 999 (6th Cir. 1946).

▮ Findings of fact of the District Court will not be set aside on appeal unless clearly erroneous. Due consideration must be given to the lower court's determination of the credibility of witnesses. United States ex rel. Piscione v. Lehmann, 234 F.2d 810 (6th Cir. 1956).

▮ This Court need only determine if there is substantial evidence in the record to support the result below. Here the only evidence of the alleged coerced confession was appellant's uncorroborated testimony at the habeas corpus hearing that the arresting sheriff kicked and abused him. No witnesses were present at the time. The sheriff has since died. Appellant made no complaint concerning this incident until about five years after his conviction. Appellant had never informed his retained attorneys of his alleged mistreatment by the sheriff. The District Court could, and apparently did, disbelieve the testimony of appellant.

▮ Appellant relied on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). However, that case is not applicable because appellant failed to establish that his confession was coerced. Moreover, the confession was not used against him.

▮ The finding that appellant's plea of guilty was voluntarily made with a full understanding of the consequences, was supported by the evidence. The testimony of one of his attorneys and of the state prosecuting attorney tended to prove that the guilty plea and sentence were discussed with appellant and the plea made with his consent.

Further, the affidavit of the Circuit Judge showed that in keeping with his normal practice, he impanelled a jury to fix punishment. The appellant was asked in open court if he understood thoroughly what was being done. He stated that he did. There was no proof that prior misconduct of the sheriff influenced appellant to plead guilty. Appellant's contention was that he never did plead guilty. The District Court placed no credence in his testimony.

The evidence showed that appellant's plea of guilty was on advice of his counsel, and was knowingly and voluntarily made. It took into account the possibility that if convicted at a trial appellant might have received the death penalty. Special counsel had been employed by his wife's family to prosecute him.

The plea of guilty constituted a waiver of the alleged prior violation of appellant's constitutional rights. United States ex rel. Staples v. Pate, 332 F.2d 531 (7th Cir. 1964); Thomas v. United States, 290 F.2d 696, 697 (5th Cir. 1961).

The judgment of the District Court is affirmed.