497 P.2d 514

**Clyde P. WHITT, Petitioner,**

v.

**STATE of Arizona, DEPARTMENT OF CORRECTIONS, Frank A. Eyman, et al., Respondents.**

No. H–584.

Supreme Court of Arizona, In Banc.

June 1, 1972.

Clyde P. Whitt, in pro. per.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for respondents.

CAMERON, Vice Chief Justice.

This is a petition for writ of habeas corpus brought by an inmate of the Arizona State Prison, Clyde P. Whitt, contesting the cancellation by the Board of Pardons and Paroles of double time credit earned prior to parole. § 31–252 A.R.S.

We are called upon to answer one question: Does the Arizona Board of Pardons and Paroles, under § 31–252 A.R.S., have power to declare double time credit earned prior to the granting of parole forfeited when the parolee is later returned to the Arizona State Prison for a parole violation?[1]

As set forth in the petition for writ of habeas corpus and the response thereto, the facts necessary for a determination of the matter on appeal are as follows. Petitioner was released from the Arizona State Prison on parole on or about 28 June 1971. At the time of his release, he had accumulated almost three years of credit. On 10 December 1971, the petitioner was returned to the Arizona State Prison for violation of his parole, and thereafter on 13 December 1971, petitioner appeared before the Arizona Board of Pardons and Paroles. His parole was revoked and it was ordered:

"Upon your being declared delinquent by the Board of Pardons and Paroles and your parole revoked with loss of time credits earned while on parole, the Board of Pardons and Paroles hereby declares forfeited all time credits earned by you, Clyde Parker Whitt, ASP # 27756, under the provisions of Arizona

1. § 31–252 A.R.S. concerns "double time" for labor as a trusty and is not to be confused with "good time" earned pursuant to § 31–251 A.R.S.

Revised Statutes 31–252, which would forfeit all two for one (2 for 1), or double time, you have earned prior to your release on parole."

The applicable statutes are as follows:

"§ 31–252. Double time deduction for certain labor as trusty; forfeiture

"A. A prisoner in the state prison, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his sentence which shall be deducted, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence.

"B. If the prisoner breaches the trust in any manner, the board of pardons and paroles, upon recommendation of the superintendent of the prison, may declare the double time forfeited."

And:

"§ 31–417. Notification to board of parole violator; hearing; reimprisonment

"At the meeting held at the state prison of the board of pardons and paroles next following the retaking of a paroled prisoner, the board shall be notified that the prisoner has been retaken. If the paroled prisoner has been returned to the prison, he shall be given an opportunity to appear before the board, and the board may, after opportunity has been given, or in the case the prisoner has not yet been returned, declare the parolee delinquent. He may be thereafter imprisoned in the prison for a period equal to his unexpired maximum term of sentence at the time the parole was granted, unless sooner released or discharged."

A reading of § 31–252 A.R.S. does not support the contention of the respondent that this is authority for the State Board of Pardons and Paroles to forfeit double time earned prior to parole after violation of the terms and revocation of parole. The statute is limited, we believe, to the forfeiture of double time by a prisoner while performing labor as a trusty and does not apply after parole has been granted. This interpretation is reinforced by § 31–417 A.R.S. which allows the Board of Pardons and Paroles to imprison the prisoner for the unexpired maximum term, but is silent as to the forfeiture of previously earned double time upon which the parole was at least in part based.

We note, however, that in the instant case, even though the petitioner claims he is entitled to relief at this time, the petition for writ of habeas corpus is unclear as to when petitioner would be entitled to release. Unfortunately, the response to the petition is not helpful in this regard. A petition for writ of habeas corpus questioning the computation of time of a sentence must show that the petitioner is entitled to relief. Gregor v. State, 2 Ariz. App. 284, 408 P.2d 464 (1965). The matter is therefore remanded to the Superior Court of Pinal County for a factual hearing to determine, consistent with this opinion, the release date of the petitioner. The court may, if it finds that the facts so warrant, grant the release of the petitioner as to the sentence imposed in the instant case.

Remanded.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.