697 P.2d 711

**Richard S. BERRY and James Coumpy individually and as representatives of a class, Plaintiffs-Appellants,**

**v.**

**DEPARTMENT OF CORRECTIONS, State of Arizona, Stanley Bates, Charles Ryan and Timothy Murphy, Defendants-Appellees.**

**No. 1 CA–CIV 7667.**

Court of Appeals of Arizona, Division 1, Department D.

March 14, 1985.

James Coumpy, in pro. per.

Richard S. Berry, Tempe, in pro. per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

MEYERSON, Presiding Judge.

This appeal arises from an action brought by prisoners who claim they were denied meaningful access to an adequate law library and therefore were denied the right of access to the courts guaranteed by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The trial court dismissed the prisoners' suit, finding no obligation upon appellee Arizona Department of Corrections to provide a law library for prisoners held in a diagnostic facility for a sixty to ninety day period. Given the number of prisoners who are confined at this particular diagnostic facility, and the significance of the legal events which occur during the period of confinement, we hold that the length of confinement is sufficient to trigger the State's constitutional obligation to provide either meaningful access to an adequate law library or other appropriate legal resources. Thus, we reverse and remand this matter to the trial court.

## I. FACTS

In reviewing the propriety of an order granting a motion to dismiss, this court must consider all facts alleged in the complaint to be true.* *Red Carpet-Barry and Associates, Inc. v. Apex Associates, Inc.*, 130 Ariz. 302, 303, 635 P.2d 1224, 1225 (1981). Plaintiffs-appellants Richard S.

* Some of the facts set forth herein are contained in an affidavit submitted by appellant Berry in response to the motion to dismiss. We accept them as true for the purpose of this appeal because the State's defense rests upon a legal basis rather than any factual disagreement with appellants.

Berry and James Coumpy (prisoners) were inmates at the Alhambra Reception and Treatment Center (ARTC), a diagnosis and classification center maintained by the Arizona Department of Corrections (Department). ARTC has a constantly changing population of approximately 350 inmates who spend sixty to ninety days awaiting transfer to permanent correctional institutions. ARTC also houses twenty-five resident inmates who help maintain the facility. The limited law library at ARTC presently contains no current copy of the Arizona Criminal Code, no set of current Arizona statutes, and no up-to-date state or federal reporters. Additionally, restrictive regulations and cumbersome procedures prevent many prisoners from gaining meaningful access to the few resources the ARTC law library does contain. At best, prisoners can expect to have one hour in the law library during their stay at ARTC. ARTC also fails to provide prisoners with access to individuals with legal or paralegal training who might assist those prisoners seeking judicial relief.

The prisoners brought this suit complaining of numerous violations of their civil and constitutional rights, both as individuals and as a class, and seeking equitable relief and monetary damages. The Department promptly filed a motion to dismiss which was granted without oral argument. The trial court found that the request for an injunction against further constitutional violations was moot because all plaintiffs had been moved from ARTC to permanent correctional facilities with adequate law libraries. The trial court also found that as a matter of law the Department is not required to provide an adequate law library or legal assistance at ARTC:

> Specifically, in the case of the Alhambra Reception Center, the very short stay of the persons transferred to this facility suggests that there need not be a library of the same extent as would be necessary in an institution where inmates remain with longer duration.

## II. MOOTNESS

■ Count I of the complaint sought an injunction forbidding further violation of the prisoners' right of access to an adequate law library. The trial court declared Count I moot because the plaintiffs had been transferred from ARTC by the time the motion to dismiss was heard. An issue is not moot if it is " 'capable of repetition, yet evading review.' " *KPNX Broadcasting Co. v. Superior Court*, 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984). Because thousands of other prisoners will be detained at ARTC, allegedly without meaningful access to a minimally adequate law library or other legal assistance, the issue clearly is a recurring one requiring judicial review. Furthermore, because other prisoners with a similar complaint would undoubtedly be transferred from ARTC before such issues could be resolved, the problem would continue to evade review. Prisoners' claim for injunctive relief therefore is not moot.

## III. CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS

■ In 1977, the United States Supreme Court held:

> [T]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

*Bounds v. Smith*, 430 U.S. at 828, 97 S.Ct. at 1498. Because prisoners do not have an absolute right to any particular type of legal assistance, *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir.1978), *cert. denied*, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 276 (1979), the states are free to choose among a variety of methods or combination of methods, including providing attorneys, legal materials, or other reasonable methods, in order to provide meaningful assistance. *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir.1980).

■ Neither *Bounds* nor its progeny requires that every state correctional facili-

ty and every county and city jail provide access to an extensive law library. *See Williams v. Leeke*, 584 F.2d at 1340. Among the factors which courts have considered in determining the extent of a state's obligation to assist prisoners in obtaining access to the courts are:

(1) Duration of confinement within a particular facility. *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir.1975);

(2) The nature of the legal rights which may be vindicated during confinement. *Bounds v. Smith*, 430 U.S. at 827–28, 97 S.Ct. at 1497–98;

(3) The number of inmates likely to require a library or other legal assistance during the particular confinement. *Cf. Cruz v. Hauck*, 515 F.2d at 332.

In addition, courts have considered whether the legal materials or legal assistance provided by the state are meaningful in light of rules and regulations which govern access to them. *Cepulonis v. Fair*, 732 F.2d 1, 4–5 (1st Cir.1984). Such rules must provide for a reasonable period during which inmates may use legal materials necessary to secure court access, subject only to necessary security and disciplinary restrictions. *Cruz v. Hauck*, 515 F.2d at 333. Rules and regulations must be applied and interpreted fairly and reasonably in order to protect prisoners' fundamental constitutional right of access to the courts as provided for in *Bounds*. *Id.*

## IV. THE RIGHT OF ACCESS AT ARTC

■ Given this general outline of prison authorities' obligation to assist inmates' efforts to obtain appropriate access to legal materials and assistance, we now turn to the specific question of this case: whether the trial court erred in concluding that the sixty to ninety day period of confinement at ARTC is so brief as to make it unnecessary for the Department to comply with the dictates of *Bounds v. Smith*. Upon consideration of the circumstances and conditions which confront ARTC inmates, we conclude that under the facts alleged in the complaint the Department does have an obligation to provide either an adequate law library or other legal assistance. It is unreasonable to expect ARTC inmates to forego important legal actions and defenses until transfer to a permanent facility.

■ The first factor which we consider in arriving at this conclusion is the duration of confinement at ARTC. The trial court dismissed the complaint relying upon *Cruz v. Hauck*, wherein the court stated that *Bounds v. Smith* would not be applicable for inmates whose confinement at a particular facility is of a very temporary nature or for purposes of transfer to other institutions. 515 F.2d at 333. But the court had previously explained that "an inmate held in the jail for only two or three days while on the way to a state prison reasonably may await transfer before filing a habeas petition." *Id.* Thus, in light of the far more extended duration at ARTC, we believe that the trial court erred in likening the "very temporary" confinement described in *Cruz* to the situation faced by ARTC inmates. It is not reasonable that persons confined for up to one-fourth of a year in a state-operated correctional facility are left without resources to pursue legal claims and defenses. Actions challenging the conditions of confinement, such as the adequacy of medical care, or which seek vindication of other fundamental rights cannot reasonably be delayed until the aggrieved prisoner is transferred to a permanent facility with legal resources. Such actions are the first line of defense against constitutional violations because they directly protect valued rights. *Bounds v. Smith*, 430 U.S. at 827, 97 S.Ct. at 1497.

■ We also have considered that significant legal events occur during the sixty to ninety day period of confinement at ARTC. For instance, the time to file a notice of appeal will expire during confinement at ARTC. Individuals awaiting parole revocation hearings are also confined at ARTC. The legal consequences which flow from these proceedings, of course, are substantial. In addition, the time limitation on out-of-state detainer actions, A.R.S. § 31–481, may be initiated once the period of confinement at ARTC begins. All these events affect substantial legal rights, and

will commonly occur during the time when new prisoners are held at ARTC.

We are also concerned by the number of persons potentially affected each year by the lack of an adequate law library or any other form of legal assistance at the ARTC facility. Appellants contend that more than 1,000 persons are confined at ARTC each year. Indeed, virtually every prisoner entering the Department's correctional system will pass through ARTC's doors.

In conclusion, prisoners have asserted a cognizable claim against the Department.

Prisoners are entitled to proceed with their case in accordance with this opinion.

Reversed and remanded.

GRANT and HAIRE, JJ., concur.