856 P.2d 1205

Antonio C. BUSTAMONTE,
Petitioner–Appellant,

v.

Charles RYAN, Respondent–Appellee.

No. 1 CA–HC 92–0003.

Court of Appeals of Arizona,
Division 1, Department A.

July 29, 1993.

Antonio C. Bustamonte, in pro. per.

Grant Woods, Atty. Gen. by Timothy B. Trask, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

Antonio Bustamonte is an inmate confined at the Arizona State Prison in Winslow. In April of 1992, a riot broke out at the prison, and, as a result, the building in which Bustamonte was housed was locked down, meaning the inmates were fed in their cells and not allowed to leave the building, even to go to the prison law library.

Prison administrators set up a substitute system by which inmates could order legal materials from the law library and receive visits from inmate legal assistants. Busta-

monte claims that this system was so inadequate as to deny him meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Specifically, he contends that the order forms for requesting legal materials were often unavailable and, when available, were ignored. He asserts that because the inmates did not have access to reference materials, it was often impossible to compose a meaningful request. He also asserts the legal assistants were ineffective because they were overworked and undertrained and that the prison staff interfered with the discharge of the assistants' duties.

Bustamonte filed a petition for a writ of habeas corpus in May 1992, in which he argued that, because his constitutional right to meaningful access to the courts was being denied, his confinement was illegal. He asked the trial court to order the prison to either provide adequate access to the law library or to release him. The trial court dismissed the petition, finding that a writ of habeas corpus was an improper remedy for lack of access to a law library.

■ Bustamonte filed a timely appeal; but by July of 1992, he had been released from lock-down status. He concedes that his appeal is moot, but urges us to consider it nonetheless. We do so because the issue is one of statewide importance which can recur yet evade review. *Berry v. Arizona Department of Corrections,* 144 Ariz. 318, 320, 697 P.2d 711, 713 (App.1985).

■ We agree with the trial court that a petition for a writ of habeas corpus is not the proper procedural method for challenging the adequacy of an inmate's access to a law library, *Knight v. Superior Ct.,* 161 Ariz. 551, 779 P.2d 1290 (App.1989), but we conclude that the trial court should not have summarily dismissed the petition. The proper method for an inmate to secure access to a law library is to seek special action relief in the nature of the common law writ of mandamus. *Knight,* at 553–54, 779 P.2d at 1292–93 (citing *Salstrom v. State,* 148 Ariz. 382, 384, 714 P.2d 875, 877 (App.1986)). Although Bustamonte was not entitled to release from prison, he might have been entitled to an order granting him access to the law library. That is, in fact, the primary relief he requested. The trial court should have considered Bustamonte's petition as one for a special action. *Brown v. State,* 117 Ariz. 476, 477–78, 573 P.2d 876, 877–78 (1978) (where relief may be granted by extraordinary writ a court may grant appropriate relief even though the writ applied for or the motion made is not aptly titled). When an inmate challenges the adequacy of his access to a law library, the trial court should look to the substance, not the form, of the petition. *Id.*

We affirm the dismissal of the petition for a writ of habeas corpus only because the issue is moot.

CONTRERAS, Acting P.J., and HAIRE, J., concur.

NOTE: The Honorable LEVY RAY HAIRE, Retired Judge, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to article 6, § 20 of the Arizona Constitution and A.R.S. § 38–813.