400 P.2d 109

**L. C. "Cal" BOIES, Sheriff of Maricopa County, State of Arizona, Appellant,**

**v.**

**Phillip DOVICO, Appellee.**

No. 7926.

Supreme Court of Arizona.

En Banc.

March 17, 1965.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., Charles N. Ronan, County Atty., and Edward C. Rapp, Deputy County Atty., for appellant.

Lawrence C. Cantor, Phoenix, for appellee.

BERNSTEIN, Justice.

The Appellee in this case was allegedly a fugitive from the Commonwealth of Pennsylvania, wanted by it for the crime of burglary. The Appellee resisted extradition, stating that he was not in Pennsylvania at the time of the burglary. There was a hearing pursuant to A.R.S. § 13–1301 et seq., the Uniform Extradition Act, said

hearing being conducted by the Attorney General's office of this state. The Attorney General prepared a transcript of the hearing and submitted it to the Governor, who then issued a Governor's warrant, and further ordered the Sheriff of Maricopa County to surrender the Appellee to the authorities of Pennsylvania.

Thereafter, pursuant to A.R.S. § 13–1310, the Appellee filed a writ of habeas corpus in the Superior Court of Maricopa County, resisting the Governor's warrant and again urging that he was not present in Pennsylvania at the time of the alleged burglary. During the hearing the trial court heard testimony from three witnesses who testified that the Appellee was not in Pennsylvania at the time of the burglary, but was in Rochester, New York. These witnesses were the Appellee, the Appellee's wife, and a businessman from Rochester, who came to Arizona especially for the hearing. The absence of other witnesses on behalf of the Appellee was explained on the ground of the cost of the trip to Arizona. The State presented a transcript of testimony of an alleged accomplice of the Appellee. After considering all the evidence the court found as a fact that the Appellee was not a fugitive from Pennsylvania on the dates alleged in the complaint. The court therefore ordered the Appellee discharged and granted the writ of habeas corpus.

The State appeals from the granting of the writ of habeas corpus.

The State is questioning the court's finding as a fact that the Appellee was not a fugitive from Pennsylvania and was not present in Pennsylvania on the date of the alleged crime.

■ If the fact is one which the trial court could determine in habeas corpus in extradition proceedings, we must affirm the judgment below. The issuance of a writ of habeas corpus generally is within the discretion of the trial court. "The lower court had jurisdiction under § 10 of the Uniform Extradition Act." Com. ex rel. Bucksbarg v. Good, 162 Pa.Super. 557, 58 A.2d 842, 844. There is ample evidence in the record to support the trial court's finding of fact that Appellee was not a fugitive from Pennsylvania because he was not in that state on the dates relevant to this case. It was contradicted by the transcript of the testimony of an accomplice, which the trial court did not find convincing. See A.R.S. § 13–136. The Governor's order and the transcript established a prima facie case for the State, and the use of the transcript was proper though it was not made with the formality required if it were to be used in a criminal trial. Cf. Rule 256, Ariz. Rules of Criminal Procedure, 17 A.R.S. But here the trial judge found that this

prima facie case was overcome by the evidence introduced by Appellee.

Extradition is based upon Article 4, Section 2, Clause 2, of the United States Constitution. In Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515, the court said:

"When it is conceded, or when it is so conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed * * * then the court will discharge the defendant."

In Munsey the defendant introduced no evidence except the papers which had been before the Governor, and the court held that the writ of habeas corpus was properly refused.

In State of South Carolina v. Bailey, 289 U.S. 412, 418, 53 S.Ct. 667, 670, 77 L.Ed. 1292, a judgment of the state court granting a writ of habeas corpus was reversed. The trial judge there had found that Bailey was not in South Carolina at the time of the homicide for which his extradition was sought. The court said:

"Such a tale should have been subjected to rigid scrutiny. The hearing was in no sense a criminal trial and the judge would have been well advised if he had demanded that the prisoner present himself for examination; also should show what effort had been made to secure the presence of important witnesses in order that they might be questioned. Viewed as a whole the evidence for respondent leaves much to be desired—certainly it is unsatisfactory."

In Bailey the state presented the testimony of two police officers and a merchant who were eye witnesses of the shooting and who identified defendant. The court's statement quoted from Munsey, that "the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of the presence in or absence from the state," must be read in the light of the facts in the case before the court.

Review of the "legality of his arrest" in extradition proceedings is afforded the prisoner by habeas corpus by A.R.S. § 13–1310. In Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696, 700, cert. denied, 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311, we said:

"We have held, Ex parte Rubens (Rubens v. Boies), 73 Ariz. 101, 238 P.2d 402, certiorari denied 344 U.S. 840, 73 S.Ct. 50, 97 L.Ed. 653, that the governor's warrant is not final and conclusive. An accused may bring habeas corpus to question the insufficiency of the requisition. The court is then under the duty to find these

**310**

jurisdictional facts, viz.: (1) that the complaint issued out of the demanding state was made on an affidavit; (2) that it substantially charges an offense; (3) that it is made to appear the accused is a fugitive from justice."
* * *

 * * * * * *

"* * * The prima facie facts established in the extradition warrant issued by the governor can be overcome only by clear and convincing evidence or by evidence beyond a reasonable doubt. Ex parte Riccardi [68 Ariz. 180, 203 P.2d 627], supra."

 In this case the *third requirement* that it be made to appear the accused is a *fugitive from justice,* was not met. The court below had clear and convincing evidence to support its finding that the accused was not a fugitive from justice and we will not disturb that finding. The standards of proof required by Munsey, Bailey, and Oppenheimer were met. Appellee took the stand, his testimony was corroborated and the absence of other possible witnesses was explained.

 Affirmed.

 LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ , concurring.