442 P.2d 881

**Douglas H. WESTON, Appellant,**

v.

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.**

**No. 2 CA–CIV 494.**

Court of Appeals of Arizona.

July 3, 1968.

---

Douglas H. Weston, in pro. per.

Darrell F. Smith, former Atty. Gen., Phoenix, Gary K. Nelson, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., for appellees.

KRUCKER, Judge.

This is an appeal from a Pinal County superior court order denying a petition for a writ of habeas corpus. The petitioner sought relief on the grounds that his plea of guilty to a charge of grand theft was "the direct result of duress and coercion" (quote from the petition filed below), thereby rendering his conviction void.

Briefly, the factual allegations of the petition are as follows. The petitioner was charged with grand theft with two prior convictions. At his arraignment, the public defender was appointed to represent him and he plead not guilty and denied the priors. Some time after arraignment, the 60-day rule was waived by defense counsel. The petitioner, who remained in custody, did not consult with appointed counsel for more than an aggregate of 30 minutes during the period preceding entry of the guilty plea. At his last consultation with counsel, he was told that: (1) the public defender's office had no more money to spend on his case, (2) counsel had orders to dispose of the case immediately as no more time could be spent on it, (3) he would have to plead guilty or "go it alone", (4) because of the priors, counsel had been told by the prosecutor that a sentence of five years to life would be imposed unless petitioner plead guilty, in exchange for which the State would drop the priors and petitioner would receive no more than two to three years, and (5) if he did not plead guilty, the State would see to it that a life sentence was imposed.

The petitioner explained to counsel that he did not know enough about law to defend himself, whereupon counsel replied, "then you had better take the deal, I can't do any more for you." Petitioner agreed to plead guilty whereupon counsel instructed him as to the court procedure for change of plea. He was told that the judge would ask him questions to which he was to reply "that he understood" and that he was not to worry about how much time he would get because it was already arranged between defense counsel and the prosecutor that the sentence would be two to three years. Although he was not guilty of embezzling a thousand dollars from the Circle K market, the court imposed a sentence of not less than seven nor more than ten years upon his plea of guilty.

The superior court held an evidentiary hearing at which the petitioner was present. The defense counsel, to whom all the foregoing acts and statements were attributed, appeared as a witness and was fully examined and cross-examined with regard to his conversations with the petitioner. He denied telling the petitioner that the public defender's office had no more money to spend on his case. He testified that he believed the petitioner had wanted to take a lie detector test which could only have been accomplished if the public defender's office paid for it out of its own funds which it did not have at that time. Therefore any reference to funds would have been for the purpose of giving the petitioner the lie detector test. He testified that another deputy had been assigned to the petitioner's case and his consultation with the petitioner at the county jail was for the purpose of determining whether he was goint to trial or was going to change his plea. Because of the proximity of the trial date, if he intended to go to trial, trial preparation would be necessary.

Counsel admitted discussing possible sentence with the petitioner:

"Well, as I recall, Mr. Weston was charged with at least one allegation of prior conviction, and I explained to him that if he were to go to trial and if he got unlucky, that the sentence carried from ten years to life and that, I relayed to him, that the county attorney had offered to dismiss the allegation of prior conviction in return for his plea of guilty, if he was interested in making such a plea."

Counsel further denied that there was an agreement with the county attorney as to sentence. When questioned by the petitioner with regard to an agreement about sentence, counsel replied:

"I am sure I didn't tell you you would get a sentence of two to three years. That's up to the court. Like I say, I don't remember exactly everything that was said but I am sure that I explained that you could get no more than ten years, which you didn't. But I knew no, that I never told you that you were just going to get two to three years, and I know I didn't say it was agreed to any particular sentence because no, I have never said that to any defendant."

Counsel, in response to a question propounded by the trial court, denied telling the petitioner that he was to state, at the time of his sentence, that no deal was made. When asked by the petitioner as to whether or not he had told the petitioner not to mention anything about the prior convictions and not to say anything about them being dropped, counsel testified:

"Now I won't say that I didn't say something like that. I might have said something to you to this effect, not to say that the reason you are pleading guilty was because they were going to drop the prior. Now, I might have told you that for the reason that it has to be a voluntary change of plea on the record, and the requirement for a change of plea is that you are pleading guilty because you are guilty, and I believe that we had fully discussed the facts of your case. And, as I recall, the facts were that you had stolen some money but not as much money as they said you had stolen. And that I may have said this to you, something to this effect. I didn't state what you said I stated in your petition. Those were not my words."

In denying relief to the petitioner, the habeas court apparently concluded that:

"The plea of guilty made under such circumstances as to constitute it reliable and trustworthy evidence of the accused's guilty of the offense with which he was charged." Application of Buccheri, 6 Ariz.App. 196, 206, 431 P.2d 91 (1967).

This court, in reviewing the lower court's determination, is required to accept it unless it is clearly erroneous. United States ex rel. McGrath v. La Vallee, 348 F.2d 373 (2d Cir.1965); Lattin v. Cox, 355 F.2d 397 (10th Cir.1966). The peti-

tioner has the burden of proving by a preponderance of evidence that his plea was involuntary. United States ex rel. Stamm v. Rundle, 270 F.Supp. 819 (1967). His burden is not sustained, however, where his allegations are clearly contradicted by sound testimony to the contrary. Redd v. Peyton, 270 F.Supp. 757 (1967). The statements concerning his sentence, which the petitioner attributed to his defense counsel, were made approximately a year prior to the filing of his petition for a writ of habeas corpus. Lapse of time which causes memories to fade, may justify viewing such allegations with "extreme caution." Sobota v. Rodriguez, 371 F.2d 909 (10th Cir.1967). The trial judge apparently disbelieved the petitioner's uncorroborated statements, which it could properly do. Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965). He apparently believed defense counsel's version of conversations with the petitioner. We do not interfere with his resolution of credibility issues, such being within his exclusive bailiwick. Wade v. Peyton, 378 F.2d 50 (4th Cir.1967); DiPrima v. Beto, 373 F.2d 797 (5th Cir.1967). Giving due consideration to his determination of credibility and being satisfied that there is substantial evidence in the record to support the trial court's denial of relief, Gray v. Johnson, supra, we find no basis for reversal.

In his brief filed in this court, the petitioner comments on the fact that he was not aware of his appeal rights and was not informed of that right by the public defender. We, however, do not consider matters raised in the brief when not presented to the lower court. Davis v. Rhay, 256 F.2d 617 (9th Cir.1958); Davis v. Beto, 368 F.2d 999 (5th Cir.1966); Rambo v. Peyton, 380 F.2d 363 (4th Cir. 1967).

Order affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.