626 P.2d 622

Clarence **WATSON**, Jr.,
Petitioner/Appellant,

v.

Clarence W. **DUPNIK**, Sheriff, Pima County, State of Arizona; and W. J. Estelle, Director–Texas Department of Corrections, Respondents/Appellees.

No. 2 CA–CIV 3668.

Court of Appeals of Arizona,
Division 2.

March 27, 1981.

---

3. A.R.S. § 12·863.01 was enacted in 1967. It was amended to conform to our revised criminal code in 1978.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for petitioner/appellant.

Stephen D. Neely, Pima County Atty. by Paul S. Banales, Deputy County Atty., Tucson, for respondents/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the denial of a writ of habeas corpus. Appellant was serving time in a Texas prison when the Pima County Attorney made a request for temporary custody pursuant to Texas' "Interstate Agreement on Detainer Act", Vernon's Annotated Code of Criminal Procedure, Article 51.14, so that appellant could be tried for alleged felonies committed in Arizona. Temporary custody was given to the State of Arizona under the Texas act and after his arrival here, appellant filed an application for a writ of habeas corpus in the Pima County Superior Court.

Appellant's grounds for the writ are that (1) Texas did not give him a pre-transfer hearing prior to his delivery to Arizona, and (2) temporary custody was given to Arizona before expiration of the 30-day period provided for in Article IV(a) of the Texas act.[1] He contends the trial court erred when it denied habeas corpus relief. We do not agree.

In *Cuyler v. Adams*, —— U.S. ——, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), the court held that the detainer agreement is an interstate compact approved by Congress and is thus a federal law subject to federal construction. It further held that a prisoner incarcerated in a jurisdiction that has adopted the Extradition Act is entitled to the procedural protections of the act, including the right to a pre-transfer hearing, before being transferred to another jurisdiction pursuant to Article IV of the detainer agreement.[2] Texas has adopted the Extradition Act. Vernon's Annotated Code of Criminal Procedure, Article 51.13. Appellant was entitled to a pre-transfer hearing.

However, neither this violation nor the alleged violation of the 30-day period[3] provides habeas corpus grounds in this state. The regularity of extradition proceedings may be attacked only in the asylum state. After an alleged fugitive has been delivered into the jurisdiction of the demanding state, the proceedings may not be challenged. *People v. Klinger*, 319 Ill. 275, 149 N.E. 799 (1925); *Ex Parte Baker*, 43 Tex.Cr. 281, 65 S.W. 91 (1901); *Ker v. State of Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); 31 Am.Jur.2d Extradition

---

1. The agreement provides a 30-day period from the date the prosecutor makes a request for custody until the date the prisoner can be transferred.

2. Article IV provides a procedure by which the prosecutor in the receiving state may initiate the procedure. Article III provides the prisoner-initiated procedure.

3. The record discloses that although Texas offered to give Arizona temporary custody prior to the lapse of the 30 days, he was not delivered to Arizona authorities until after the 30 days had expired.

**460**

Sec. 74 at 980–81; 35 C.J.S. Extradition § 22 at p. 450; and see *Boag v. State*, 21 Ariz.App. 404, 520 P.2d 317 (1974).[4]

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

4. But see, *People v. Lincoln*, 42 Colo.App. 512, 601 P.2d 641 (1979).