LEMMON, Justice.
After defendant’s trial on an amended grand jury indictment charging second degree murder, the jury returned a responsive verdict of manslaughter. The trial court sentenced defendant to 21 years imprisonment. In this appeal, the principal issue is whether the trial court erred in denying defendant access to a law library while his appeal was pending.[1]
After his conviction, defendant wrote a letter to the trial judge, stating that he was in “dire need of access to a legal law library”. The judge denied the request, noting that defendant had been ably represented by appointed counsel during the trial and that the representation would continue during the appellate process.[2]
Citing Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1976), defendant contends that a prisoner must be accorded access to law books. However, the Bounds decision held only that the states must protect a prisoner’s constitutional right of adequate, effective and meaningful access to the courts by providing the prisoner either with a law library or with adequate assistance from persons trained in the law.
In Bounds, the prisoner was accorded the right of access to law books because he had already exhausted his appeal of right and was no longer entitled to the services of appointed counsel. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). By contrast, the present case is before the court on an appeal of right, in which defendant is entitled to the services of appointed counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In fact, defendant had adequate assistance of appointed counsel, who filed a thorough brief arguing 13 assignments of error. At defendant’s request, the brief specifically addressed the issue of the trial court’s denial of defendant’s request for access to a law library during the pendency of his appeal.
Having received effective assistance of counsel in presenting his appeal, defendant was not additionally entitled to personal access to a law library, either for the purpose of assisting his counsel in the preparation of an appellate brief or for the purpose of preparing and presenting his own brief on appeal.
The conviction and sentence are affirmed.

. Defendant’s other contentions lack any arguable merit and are treated in an unpublished appendix, which is attached to this opinion and is part of the official record in this case.

. Indeed, the evidence fully supported a verdict of second degree murder, and the responsive verdict was apparently the result of a stalwart effort by appointed defense counsel.