714 P.2d 875

Robert **SALSTROM,** Petitioner/Appellant,

v.

**STATE of Arizona, et al,** Respondent/Appellee.

No. **2 CA–CIV 5390.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 30, 1986.

Robert Salstrom, Florence, in pro. per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Phoenix, for respondent/appellee.

### OPINION

HATHAWAY, Chief Judge.

Appellant contests the trial court's denial of his petition for writ of habeas corpus and/or special action. We affirm the denial of the writ of habeas corpus and the denial of special action relief.

Appellant is serving a 15-year sentence imposed in Nevada for second-degree murder. On April 9, 1984, a Nevada classification committee reviewed appellant's record and, based on his prison-gang affiliation

and information that he was involved in a conspiracy to take staff members hostage, decided he should be placed out of state. Appellant was transferred to Arizona pursuant to the Western Interstate Corrections Compact (WICC), A.R.S. §§ 31–471, et seq. He had been placed in restrictive confinement in Nevada and is held in a similar status in Arizona. On November 19, 1984, appellant filed this petition. The superior court issued an order to show cause on November 21, 1984, a hearing was held and by minute entry dated January 17, 1985, the court denied the petition. Petitioner filed his notice of appeal January 28, 1985.

Appellant contends that the court erred in denying his petition for writ of habeas corpus and/or special action because appellant's transfer under the WICC violated Arizona and constitutional law, Nevada law was violated by the transfer, appellant is not being treated similarly to other Arizona prisoners and appellant is being denied access to the courts to redress grievances regarding his Nevada conviction.

## I. HABEAS CORPUS

Prisoners have no constitutional right to be incarcerated in a particular prison or state, and agreements such as the WICC are constitutional. *Olin v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The issuance of a writ of habeas corpus is within the sound discretion of the trial court and will not be disturbed on appeal unless there is an abuse of that discretion. *Yanich v. Mummert ex rel. State*, 110 Ariz. 178, 516 P.2d 314 (1973); *Boies v. Dovico*, 97 Ariz. 306, 400 P.2d 109 (1965). In this case, the trial court had before it evidence establishing that the WICC compact had been complied with. Judging the credibility of the evidence is within the trial court's discretion, *Weston v. State ex rel. Eyman*, 8 Ariz. App. 58, 442 P.2d 881 (1968), and the trial court did not abuse that discretion in finding Arizona law had been complied with.

Assuming appellant was not afforded due process in Nevada, such irregularity can only be attacked in Nevada and does not provide grounds for habeas corpus relief in Arizona. *Watson v. Dupnik*, 128 Ariz. 458, 626 P.2d 622 (App.1981). Additionally, appellant's allegation that he is being denied equal treatment with other Arizona prisoners lacks substance. Arizona's custody classifications are within the discretion of the Director of the Department of Corrections, and from the record before us, we cannot say that the department has abused that discretion. See A.R.S. § 41–1604; A.A.R.R. R5–1–201. See also *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

Finally, even if appellant is being denied access to the courts, release from prison pursuant to a writ of habeas corpus is not the appropriate relief. Rather, a special action which encompasses the common law writ of mandamus would be appropriate. We therefore affirm the trial court's denial of the writ of habeas corpus.

## II. SPECIAL ACTION

At numerous times in appellant's petition, he states that he is being denied access to the courts. At the end of the petition, however, the only relief appellant seeks is release from custody. The state argues, therefore, that we should treat this petition solely as a petition for habeas corpus relief and not address any other forms of relief available under the special action rules. Arizona courts have held, however, that where extraordinary relief (special action) is available, this court may grant the appropriate relief even though the writ applied for was not properly drawn. *Brown v. State*, 117 Ariz. 476, 573 P.2d 876 (1978); *State v. Davis*, 148 Ariz. 62, 712 P.2d 975 (1985). We therefore will address the merits of appellant's petition for special action.

Appellant contends he is being denied access to the courts because he cannot obtain the Nevada law books necessary to allow him to redress his grievances regarding his Nevada conviction and transfer. We have jurisdiction to address this claim because the WICC provides the prisoner with the same legal rights in the re-

ceiving state as he had in the sending state. A.R.S. § 31–471, Art. IV(e). Denial or undue restriction of reasonable access to the courts is a denial of due process of law guaranteed to state prison inmates by the Fourteenth Amendment to the United States Constitution. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). In the absence of other forms of adequate legal assistance, prison administrators must provide inmates with adequate law libraries in order to ensure they will have meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). If, however, the prisoner has access to a court-appointed attorney, he has sufficient access to legal research materials. *Spates v. Manson,* 644 F.2d 80 (2d Cir.1981); *Williams v. Leeke,* 584 F.2d 1336 (4th Cir. 1978), *cert. den.* 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 276 (1979); *State v. Staab,* 430 So.2d 54 (La.1983).

■ In the present case, appellant does have access to a court-appointed attorney to pursue his claims for post-conviction relief in Nevada. The Nevada statute for post-conviction relief procedure states:

> "The petition may allege that the petitioner is unable to pay the costs of the proceeding or to employ counsel. If the court is satisfied that the allegation is true, it shall appoint counsel for him within 10 days of filing the petition." NRS 177.345(1).

If appellant is indigent, as he claims, he need only petition the Nevada court to receive a court-appointed attorney. Therefore, the fact that appellant does not have access to Nevada law books in Arizona does not violate the Fourteenth Amendment, because appellant does have access to the courts through counsel. *Johnson v. State,* 442 A.2d 1362 (Del.Sup.1982); *Goodnow v. Perrin,* 120 N.H. 669, 421 A.2d 1008 (1980). We therefore affirm the denial of special action relief.

HOWARD, P.J., and FERNANDEZ, J., concur.