803 P.2d 138

Jimmy V. JUDD, Cochise County
Sheriff, Plaintiff/Appellee,

v.

Al BOLLMAN, Justice of the Peace,
Cochise County Justice Precinct No.
4, Defendant/Appellant.

No. 2 CA–CV 89–0247.

Court of Appeals of Arizona.
Division 2, Department B.

May 10, 1990.

Review Denied Jan. 15, 1991.

Alan K. Polley, Cochise County Atty. by
Paul A. Smith, Bisbee, for plaintiff/appellee.

Riley, Hoggatt & Suagee, P.C. by Wallace R. Hoggatt, Bisbee, for defendant/appellant.

## OPINION

LACAGNINA, Judge.

Al Bollman, Justice of the Peace for Cochise County Justice Precinct No. 4, appeals from a trial court's ruling that Bollman's order to have a prisoner serve his hardship sentence at the Willcox jail violated the doctrine of separation of powers, infringed upon the sheriff's duty to take charge of and keep the jail and prisoners and was an abuse of his discretion. Bollman argues that the judgment granting special action relief to Jimmy Judd, Cochise County Sheriff, should be reversed for the following reasons:

1. The doctrine of separation of powers does not grant the sheriff plenary power to control the county jail system, including the authorization to adopt policies regarding the housing of hardship prisoners, where that policy is in conflict with the hardship release provisions of A.R.S. § 28–693(D).

2. The trial court erred when it ordered Bollman to change the defendant's sentence without notice to or participation by him because, as the real party in interest to the special action proceeding, he was an indispensable party.

3. The trial court's order enjoining Bollman's future conduct is invalid and unen-

forceable as overbroad and indefinite. We affirm.

## FACTS

On June 29, 1989, the defendant Victor Gilbert Dean, a self-employed Willcox resident, was sentenced by Bollman to a hardship sentence of 30 days in jail for reckless driving, pursuant to A.R.S. § 28–693(D). Bollman ordered the sentence to be served at the Cochise County Jail in Willcox. On July 6, 1989, Judd filed a special action arguing that Bollman's order was arbitrary and capricious because he lacked authority to override Sheriff's Policy 19.00.00 requiring that hardship sentences be served only at the Cochise County Jail in Bisbee. Defendant Dean was not made a party to the special action, was not served and has never appeared. Bollman filed an answer arguing that Policy 19.00.00 was arbitrary and capricious, and was in violation of A.R.S. § 28–693(D), because it rendered him unable to impose hardship sentences under that provision.

The trial court granted Judd relief, finding that he is charged by law to "take charge of and keep the County jail and the prisoners therein" citing A.R.S. §§ 11–441(5) and 31–101. Based upon that authority, the trial court concluded that Bollman could not infringe upon the sheriff in an area specifically delegated to him by the legislature. The court reasoned that if Bollman had the authority to order where Dean served his sentence, he would be placing himself in Judd's position by taking charge of the jail, thereby invading power given by the legislature to Judd. In doing so he would be dealing with the safety and security of the convicted criminal, not a proper function of the judiciary and, from a practical standpoint, a job for which the sheriff is much better equipped and experienced. Finally, the trial court concluded that absent any conduct which affects the constitutional rights of prisoners, state courts do not interfere with the management of prisons. The trial court ruled that

because prisoners have no constitutional right to be incarcerated in a particular place and the court has no jurisdiction to select the place where the sentence is to be served, Bollman acted outside his legal authority and without jurisdiction. When the trial court entered its order on August 25, 1989, defendant Dean had already served his 30–day sentence at the Willcox facility.

## STATUTORY AUTHORITY

Bollman sentenced Dean pursuant to A.R.S. § 28–693(D), which provides as follows:

D. The court may, upon pronouncement of any jail sentence under this section, provide in the sentence that the defendant may be permitted, if he is employed and can continue his employment, to continue such employment for not more than twelve hours per day nor more than six days per week, and the remaining day, days or parts of days shall be spent in jail until the sentence is served. He shall be allowed out of jail only long enough to complete his actual hours of employment and no longer.

Bollman does not argue that the statute specifically authorizes him to order where a prisoner may be housed but essentially argues that because of the circumstances in this case he could not impose a hardship on a self-employed Willcox resident unless that defendant was housed in the Willcox facility. However, Bollman has cited no authority, and we have found none which would allow him to order where prisoners are housed.

Judd argues that his authority comes from the provisions of A.R.S. §§ 11–441(5) and 31–101,[1] which provide as follows:

§ **11–441.  Powers and duties**

A.  The sheriff shall:

\*　　\*　　\*　　\*　　\*　　\*

5.  Take charge of and keep the county jail and the prisoners therein.

§ **31–101.  Common jails; duty of sheriff; use of jails**

---

1.  A.R.S. §§ 11–441 and 31–101 were amended in 1989, after the sentence was imposed in this case.

The common jails in the several counties shall be kept by the sheriffs of the counties in which they are respectively located. The jails shall be used for detention of persons committed to them.

Because of this authority, Judd instituted Policy 19.00.00 which states that "Cochise County Jail will accept hardship sentences only at the Bisbee facility." The policy was enacted as a security measure for the protection of Sheriff's Department personnel and the public.

## SEPARATION OF POWERS

■ Both parties argue that the statutory authority relied on by the opposing party violates article III of the Arizona Constitution providing for the separation of powers. Bollman argues that Policy 19.00.-00 usurps his exclusive judicial function to order where a prisoner may be housed. Judd argues that if A.R.S. § 28–693(D) authorizes Bollman to dictate where Judd houses prisoners, it violates the separation of powers. Bollman also argues that Policy 19.00.00 violates the separation of powers because it conflicts with the statutory authority of the board of supervisors. We agree with Judd that absent any constitutional violations with regard to prisoners, the judiciary has no authority to usurp the functions of the executive branch. Courts have limited authority to interfere with a sheriff's duties to maintain and operate the county jails pursuant to the Arizona Constitution and A.R.S. §§ 11–441(5) and 31–101, and then only to determine whether specific constitutional violations exist and in doing so to order narrow remedies to correct these violations. *Wilson v. Superior Court,* 194 Cal.App.3d 1259, 1269, 240 Cal. Rptr. 131, 137 (App.1987).

In addition, we agree with Judd that a fair reading of A.R.S. § 28–693(D) does not give Bollman any implicit authority to order where hardship prisoners will be housed. As to Bollman's argument that Policy 19.00.00 violates the separation of powers because it conflicts with statutory

authority delegated to the board of supervisors, the argument has no merit. The statutes cited by Bollman regarding the board of supervisors all relate to its power to appropriate funds for the creation and maintenance of the county jails. These statutes do not confer on the board of supervisors the authority to order where a particular prisoner is housed or the specific authority to control where the sheriff houses prisoners.

## STANDING

■ Bollman's second argument is that by ordering Dean to serve his hardship sentence in Bisbee, Judd made it impossible for Dean to serve the 6 p.m. to 6 a.m. sentence. In the same vein, Bollman argues that the policy, as applied, discriminates against all defendants, such as Dean, residing in the northern part of Cochise County. Assuming such an argument rises to a constitutional level, which it does not, Bollman has no standing to raise it. Dean had served his sentence prior to the entry of judgment in this case. Moreover, he was never made a party to this action.

■ We disagree with Bollman that Dean, as the real party in interest, was an indispensable party pursuant to Ariz.R. Civ.P. 19, 16 A.R.S. The subject matter of the special action involved the sheriff's authority to make policies concerning the care and maintenance of the county jails and where that authority conflicts with a judge's sentence, imposed pursuant to A.R.S. § 28–693(D). Whatever authority Judd possesses as county sheriff pursuant to the Arizona Constitution and statutes has no bearing on Dean.[2] Therefore, Dean was not an indispensable party. In addition, we agree with the trial court that there is no evidence that Dean's constitutional rights were affected in any way, and for that additional reason, he was not an indispensable party. He had no constitutional right to be incarcerated in the Willcox jail. *Salstrum v. State,* 148 Ariz. 382, 714 P.2d 875 (App.1986).

---

**2.** By the same token, the sheriff is never a party in a criminal case and could not have been joined in Dean's appeal had he filed one. Judd admits he would lack standing to attack Dean's sentence.

Finally, Bollman argues that the trial court's order is in the form of an injunction which is overbroad and indefinite and would impair his dispensation of justice in the northern part of Cochise County. The argument has no merit. The relief sought by Judd was not injunctive relief, and the trial court's order did not seek to enjoin any further action by Bollman, but merely stated that for the reasons given, Bollman had no jurisdiction to select the place where the sentence was to be served, and that in doing so, he abused his discretion and acted outside his legal authority.

Affirmed.

Judd's request for attorneys' fees based on a frivolous appeal is denied.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.