837 P.2d 145

**Bryan L. FINDLAY, Appellant–Respondent,**

v.

**Samuel A. LEWIS, Director, Arizona Department of Corrections; John Aveventi, Warden, Appellees–Petitioners.**

**No. CV–92–0004–PR.**

Supreme Court of Arizona, En Banc.

Sept. 15, 1992.

Bryan L. Findlay, in pro. per.

Ronald M. Andersen, Asst. Atty. Gen., Phoenix, for Lewis and Avenenti.

## OPINION

MARTONE, Justice.

This is a petition for writ of habeas corpus brought by a Utah inmate residing at the Arizona State Prison seeking a return to a Utah prison. We are asked to decide whether the petition states a claim upon which relief can be granted. We hold that it does not.

### I. STATEMENT OF THE CASE

On August 29, 1990, Findlay, a prisoner at the Arizona State Prison, filed a petition for writ of habeas corpus in the Superior Court of Arizona in Maricopa County. His pro se petition alleged that he had been convicted in the State of Utah, was incarcerated in Arizona for safety reasons, that the Utah Department of Corrections had denied his request to return to the Utah State Prison, and that the Arizona Department of Corrections had denied his request to be transferred to Utah on the ground

that only Utah had jurisdiction to do so. He sought an order from an Arizona court transferring him back to Utah.

On the date of filing, the superior court established a briefing schedule, under which the state's response was due on September 18, 1990, and Findlay's reply was due on September 28, 1990. On September 6, 1990, the state moved to dismiss the petition for failure to state a claim as a matter of law. The motion was its response to the petition. The state argued that under the Western Interstate Corrections Compact, A.R.S. § 31–471, art. IV(c), only Utah, and not Arizona, had authority to transfer Findlay back to Utah.

On September 18, 1990, Findlay filed a motion for extension of time within which to respond to the motion to dismiss. Findlay argued that he needed more time to complete his research. On September 24, 1990, the trial court denied Findlay's request for an extension. On October 3, 1990, Findlay filed his response to the motion to dismiss arguing that he needed access to Utah legal materials. On October 4, 1990, the trial court granted the state's motion and dismissed Findlay's petition.

In a comprehensive minute entry, the trial court ruled that habeas corpus relief did not lie under A.R.S. § 13–4121, because Findlay was not seeking absolute release. In addition, it concluded that under the Western Interstate Corrections Compact, the courts of Utah, and not those of Arizona, had jurisdiction to hear and determine Findlay's request for transfer. It also held that under *Salstrom v. State,* 148 Ariz. 382, 385, 714 P.2d 875, 878 (App. 1986), Findlay's access to the appointment of counsel in the State of Utah was adequate access to the Utah courts and that Arizona did not have to supply him with Utah legal materials.

Findlay's appeal to the court of appeals was treated as a petition for special action. See *Brown v. State,* 117 Ariz. 476, 477–78, 573 P.2d 876, 877–78 (1978). That court held that the trial court abused its discretion in failing to grant Findlay's request for extension of time within which to respond to the motion to dismiss, reversed

the order of dismissal, held that the petition stated a colorable claim of denial of access to Utah legal materials, rejected *Salstrom,* and ordered the trial judge to order the department of corrections to provide Findlay legal resources to amend his petition, defend the petition, and support the petition on the merits. *Findlay v. Lewis,* 171 Ariz. 454, 831 P.2d 830 (App.1991).

Because of its departure from well settled law and the conflict with *Salstrom,* we granted the state's petition for review. We now reverse the court of appeals, vacate its opinion, and affirm the order of the trial judge dismissing the petition.

## II. DISCUSSION

### A. *The access to the courts issue is irrelevant to the jurisdiction and colorable claims issues.*

█ The sweeping opinion of the court of appeals misunderstands the posture of this case. The question before the trial court was the facial validity of the petition. To the extent the pleading is a petition for writ of habeas corpus, it failed to state a claim upon which relief could be granted. The great writ lies for unlawful confinement. A.R.S. § 13–4121. If no legal cause is shown for imprisonment, the petitioner is entitled to release. A.R.S. § 13–4131(A). Findlay's petition did not present a colorable claim for release—he sought a transfer to Utah.

█ To the extent the petition is treated as one for special action, *Brown,* 117 Ariz. at 477, 573 P.2d at 877, it presents no claim which could be granted by an Arizona court. Under A.R.S. § 31–471, art. IV(c), inmates confined under the Western Corrections Compact are "subject to the jurisdiction of the sending state and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, ... for discharge, or for any other purpose permitted by the laws of the sending state." Under A.R.S. § 31–471, art. V(a), "[a]ny decision of the sending state ... shall be conclusive upon and not reviewable within the receiving state...." Thus, under the Interstate Compact, the

courts of Arizona are without power to transfer the prisoner to Utah.

■ Findlay's access to Utah legal materials is irrelevant to his claim because the sufficiency of his claim is to be tested under Arizona law (the Western Interstate Corrections Compact, A.R.S. § 31–471). His claim to access to Utah legal materials is relevant to his interest in transfer to Utah. But that claim must be asserted in Utah. Findlay presents no access to Arizona courts claim. As the trial court correctly held, this case is controlled by *Salstrom*. *Salstrom* noted that reasonable access to the courts is satisfied by access to court appointed counsel or adequate law libraries. See *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). *Salstrom* held that Arizona need not provide Nevada legal materials to a Nevada prisoner in Arizona because that prisoner had access to court appointed counsel in Nevada.

■ Arizona concedes it has no Utah legal materials at the prison, but argues that the petition fails to allege that Findlay sought and was denied the appointment of Utah counsel to press his Utah claim in a Utah court. The court of appeals characterized this pleading deficiency as a "lack of evidence" which distinguished this case from *Salstrom*. But this misperceives the nature of a motion to dismiss. The state's motion below tested the legal sufficiency of the petition. One does not present evidence in connection with such a motion unless one seeks to convert it into a motion for summary judgment, which did not happen. In all events, Rule 65B(g), Utah R.Civ.P., as it existed at the time of Findlay's filing in Arizona, expressly provided for the appointment of counsel to indigent habeas corpus petitioners. The basis upon which the court of appeals distinguished *Salstrom* did not exist.

The court of appeals acknowledged that the superior court ruled as a matter of law that the petition failed to state a claim, but stated that "[i]f the respondents had provided adequate legal resources, the petitioner may have found the law and facts which would have enabled him to make a colorable claim." 831 P.2d at 835. This is improbable. How could Findlay have found law and facts in Utah legal materials to give an Arizona court jurisdiction to entertain a claim for relief which only a Utah court could grant? Utah legal materials are irrelevant to his access to Arizona courts. Findlay presented his petition to the wrong court and no amount of research could cure that. Nor could access to Utah counsel. Access to Utah counsel or Utah legal materials would have resulted in the dismissal of the Arizona petition and the possible filing of one in Utah. There is nothing in this record by allegation or otherwise to suggest that Findlay tried to obtain Utah counsel before he filed his petition.[1] Carried to its logical extreme, the court of appeals would require the Arizona Department of Corrections to equip the prison system libraries with materials from each of the states which are parties to the Western Corrections Compact.

## B. *The Trial Judge's Discretion.*

■ The court of appeals went on to hold that the trial court abused its discretion in failing to grant Findlay an extension of time within which to respond to the motion to dismiss. A trial court has broad discretion over the management of its docket. Appellate courts do not substitute their judgment for that of the trial court in the day-to-day management of cases. *See generally* J. Eric Smithburn, *Judicial Discretion* 9 (1980). There is nothing in the record in this case that warrants a finding of abuse of discretion. To be sure, prisoners may be faced with obstacles to their ability to comply with court rules, but the trial court's briefing schedule was adequate and more generous than that allowed by either Rule IV(a), Uniform Rules of Practice, or Rule 35.1, Ariz.R.Crim.P. Findlay made no special showing that would *require* a court to grant an exten-

---

1. Appendix 3 to the petition for review suggests that after his petition was dismissed, Findlay sought and obtained legal counsel from the Utah Department of Corrections. If he informed the court of appeals of this, it does not appear in the opinion.

sion. As it turned out, he filed a response before the court ruled.

Nor is there any showing here that the failure to grant an extension prejudiced Findlay. The question before the trial court was the facial validity of the petition. The state's motion to dismiss was its response under the trial court's briefing schedule. Findlay's reply was due on September 28, 1990, and he filed it as his response to the motion on October 3, 1990. His response failed to argue that he applied to the Utah courts for relief. On the next day, October 4, 1990, the trial judge granted the motion.

The matters contained in Findlay's response are much the same as the matters pressed in his brief in the court of appeals. Thus, it is plain that Findlay was not prejudiced by the denial of his request for extension. The trial court's careful minute entry noted that the petition failed to state a claim for relief because it sought transfer to Utah, not immediate release. In reliance upon *Salstrom,* the court held that it had no jurisdiction to entertain a claim for transfer. And, it noted that "since the [p]etitioner would have access to appointment of counsel in the State of Utah, he is not entitled to have Arizona's Department of Corrections supply him with Utah law books." Minute Entry, Oct. 4, 1990. In light of this record, we cannot understand how the court of appeals could characterize the order of the trial court in denying a request for extension of time within which to respond as an abuse of discretion.

### III. DISPOSITION

To summarize, we hold that neither habeas corpus nor relief by way of special action lies to entertain a request to transfer an out of state prisoner to the sentencing state. The petition failed to state a claim upon which relief could be granted. This is a pleading case, not an access to the courts case.

Findlay had access to the Arizona courts, but such courts had no jurisdiction. By failing to allege that he sought and was denied Utah counsel, he stated no claim that Utah legal materials were vital to his access to Utah courts. The trial judge did not abuse his discretion in managing his motion calendar.

The order of the trial court dismissing the petition is affirmed, the court of appeals is reversed, and the opinion of the court of appeals is vacated.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.