NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAZIN KAZZAZI, et al., *Plaintiffs/Appellants*,

*v.*

ANANYA DAS, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0731
FILED 8-21-2018

Appeal from the Superior Court in Maricopa County
No. CV 2015-093659
The Honorable David M. Talamante, Judge

**AFFIRMED**

APPEARANCES

Mazin & Tahani Kazzazi, El Cajon, CA
*Plaintiffs/Appellants*

Jones Skelton & Hochuli PLC, Phoenix
By Eileen Dennis GilBride, Cristina M. Chait
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge David D. Weinzweig joined.

**C A M P B E L L**, Judge:

¶1        Husband and wife Mazin and Tahani Kazzazi appeal from an adverse medical malpractice verdict. They appear to argue that (1) the superior court erred by not allowing the introduction of various items of evidence, and (2) they did not receive a fair trial because the trial began on September 11. Because we discern no abuses of discretion by the superior court and the Kazzazis have waived their arguments on appeal, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The Kazzazis filed a medical malpractice claim against Ananya Das, M.D., and the Arizona Center for Digestive Health, PLLC (collectively, "Appellees"). They claimed Dr. Das fell below the requisite standard of care in performing a diagnostic endoscopic ultrasound on Mazin Kazzazi: By failing to advise him to stop using certain drugs before the procedure, they argued, Dr. Das placed him at an increased risk of injury. A trial by jury began in the superior court on September 11, 2017. The jury entered its verdict in favor of the Appellees, and the court entered a judgment against the Kazzazis for $38,937.94 in taxable costs.

## DISCUSSION

¶3        The Kazzazis appear to argue that: (1) the court erred by not allowing them to present all of the evidence they wished to present, and (2) they did not receive a fair trial because it began on September 11. The Kazzazis argue that beginning trial on this date prejudiced them in the eyes of the jury because Mazin Kazzazi is from Iraq, and he personally associates the date with "bad memories."

¶4        The Kazzazis have waived all arguments on appeal. First, we review for an abuse of discretion both the superior court's management of its docket, *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992), as well as its rulings on the admission of evidence, *State v. Dann*, 220 Ariz. 351, 365, ¶ 66 (2009). The Kazzazis have pointed to no facts nor provided any supporting authority demonstrating that the superior court abused its discretion in scheduling the trial for September 11 or in making any of its evidentiary rulings, and we discern none. *See* ARCAP 13(a)(7)(A); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (An appellant waives his claim by failing to provide significant arguments, supporting authority, and citations to the record in the opening brief). The Kazzazis also failed to include in their opening brief the items required by Arizona Rule of Civil Appellate Procedure 13(a),

including a table of citation, a statement of the facts, and the applicable standards of appellate review. Their arguments are therefore waived.

**¶5** Furthermore, the Kazzazis failed to ensure the relevant transcripts were included in the record. *See* ARCAP 11(c). When no transcript is provided on appeal, we assume the record supports the superior court's decision. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

## CONCLUSION

**¶6** For the foregoing reasons, we affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA