NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CARL DAVIS DIXSON, *Petitioner*.

No. 1 CA-CR 24-0365 PRPC

FILED 08-05-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2018-001973-001
The Honorable Dewain D. Fox, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Carl Davis Dixson, Florence
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Paul J. McMurdie joined.

---

**B R O W N**, Judge:

¶1        Carl Dixson petitions for review of the superior court's order dismissing his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 32.1.  We grant review but deny relief.

¶2        In March 2021, a jury convicted Dixson of two counts of sexual conduct with a minor (Counts 1 and 7), three counts of molestation of a child (Counts 2, 8, and 9), indecent exposure (Count 3), and three counts of aggravated assault on a minor (Counts 4, 5, and 6).  The superior court sentenced Dixson to the following consecutive prison terms on each count: life with the possibility of release after 35 years on Count 1; 17-year sentences for Counts 2, 8, and 9; and one-year sentences for Counts 3, 4, 5, and 6.  This court affirmed Dixson's convictions and sentences on direct appeal.  *State v. Dixson*, 1 CA-CR 21-0203, 2022 WL 1043748, at *1, ¶ 2.

¶3        After Dixson filed a PCR notice under Rule 32.1, his PCR counsel filed a notice indicating counsel was unable to find any colorable claims for relief.  Dixson then filed a pro se PCR petition, asserting he was denied a fair trial because the prosecutor "used improper methods calculated to produce" wrongful convictions and thus committed prosecutorial misconduct.  In response, the State argued in part that Dixson's prosecutorial claim was precluded because it was not raised on appeal.  In his reply, Dixson asserted he was unable to access legal materials to identify what issues he could raise until long after this court's briefing deadline due to a closure of the prison's law library.

¶4        The superior court dismissed Dixson's petition, finding Dixson's sole claim raised—prosecutorial misconduct—was precluded because it "could have been, but was not, raised on direct appeal."  The court explained that Dixson was aware of the factual basis for his prosecutorial misconduct claim but failed to file a pro per supplemental appellate brief, and that Dixson's appellate counsel presumably did not raise the claim on appeal because it was not meritorious.  The court rejected

Dixson's claim that he lacked the legal resources to raise the prosecutorial misconduct claim on appeal, noting that the documentation he provided with his reply showed that "although the library was not open for 'browsing,' the library's books were available for checkout." The court also found that even if Dixson lacked access to legal resources, "he was aware of the alleged factual basis for his prosecutorial misconduct claim" and could have presented such facts in his pro se supplemental briefing.

¶5 The court further concluded that even if Dixson's prosecutorial misconduct claim was not precluded, it was not colorable because he failed to show "any act of prosecutorial misconduct--let alone that the alleged misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Dixson then petitioned this court for review. We have jurisdiction under A.R.S. § 13-4239(C) and Rule 32.16.

¶6 We review the superior court's decision on a PCR petition for an abuse of discretion and will affirm if the decision "is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). Dixson has the burden to show the court abused its discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶7 A defendant is precluded from relief when a claim was "waived at trial or on appeal, or in any previous post-conviction proceeding, except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32.2(a)(3). "To prevent endless or nearly endless reviews of the same case in the same trial court, Rule 32.2(a) precludes collateral relief on a ground that either was or could have been raised on direct appeal or in a previous PCR proceeding." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009).

¶8 Dixson argues the court's dismissal of his petition was inappropriate because the State failed to provide him with legal resources, which constitutes government interference. He asserts the prison facility's COVID-19 protocols restricted him from: (1) receiving assistance from more legally knowledgeable prisoners, (2) meeting with a paralegal face-to-face, and (3) browsing the prison's library in person. The first two assertions were not raised in the superior court and are therefore waived. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (precluding defendant from raising

PCR issues for the first time on review). Regardless, Dixson provided no supporting evidence that all library resources were unavailable to him. Instead, the document Dixson provided with his reply confirmed the library would be open for "book browsing" "in addition to the current way the library [was] being operated." The document also stated that "[i]f you wish to check out books[,] you may still utilize the book catalogs and submit a book request as you have been." Moreover, Dixson's PCR petition does not address the superior court's finding that, at a minimum, he could have asserted the "alleged factual basis" for his prosecutorial misconduct claim in a pro per supplemental brief.

¶9        Because "reasonable access to the courts is satisfied by access to court[-]appointed counsel or adequate law libraries," Dixson has not shown the superior court erred. *See Findlay v. Lewis*, 172 Ariz. 343, 346 (1992); *see also Knight v. Superior Court*, 161 Ariz. 551, 554 (App. 1989) ("The effect of access to an appointed advisory counsel normally overcomes any research handicap that restrictions on access to a jail library impose on an inmate."); *Salstrom v. State*, 148 Ariz. 382, 385 (App. 1986) ("If . . . the prisoner has access to a court-appointed attorney, he has sufficient access to legal research materials."). Dixson had access to court-appointed counsel in identifying potential issues for appeal, and according to the documentation he provided to the superior court, he also had access to legal materials by using the book catalogs and check-out option available to inmates. Thus, the court appropriately concluded that Dixson's prosecutorial misconduct claim could have been, but was not, raised on direct appeal through counsel, or in Dixson's pro per supplemental appellate brief. Because the court did not abuse its discretion in dismissing Dixson's PCR petition, we grant review but deny relief.

