NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SCOTT MASCHER, Yavapai County Sheriff,
*Petitioner*,

*v.*

THE HONORABLE CELE HANCOCK,
Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for
the County of YAVAPAI,
*Respondent Judge*,

RUTH ELIZABETH GAVER; STATE OF ARIZONA,
*Real Parties in Interest.*

No. 1 CA-SA 16-0015
FILED 2-16-2016

Petition for Special Action from the Superior Court in Yavapai County
No.  V1300CR201580129
The Honorable Cele Hancock, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Benjamin D. Kreutzberg
*Counsel for Petitioner*

Shaw Law Firm, PLLC, Cottonwood
By Sebrina M. Shaw
*Counsel for Real Party in Interest Gaver*

Yavapai County Attorney's Office, Prescott
By Patti Wortman
*Counsel for Real Party in Interest State*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Samuel A. Thumma joined.

---

**J O H N S E N**, Judge:

**¶1**     Ruth Elizabeth Gaver has been detained for several months in Yavapai County Jail, participating in restoration services pending charges of aggravated assault, resisting arrest and riot.  During a mid-November 2015 status conference, Gaver's counsel said that Gaver had been allowed use of the jail recreation yard just once and asked the court to order that she be permitted "some time in the yard."  The court ruled from the bench that Gaver was entitled to daily recreation while detained, and issued an order that she "shall be allowed outside once a day unless the Jail provides the Court and Attorneys with documentation as to why Defendant is not allowed outside once a day."

**¶2**     The Yavapai County Sheriff, in whose jail Gaver is being detained, filed a written objection to the order, Gaver filed a written response, and the Sheriff filed a written reply.  After oral argument on January 2016, the court ruled from the bench, affirming its order and stating that "not allowing a defendant out once a day is a constitutional violation."  In its subsequent written order, the court ruled Gaver must be permitted to use the jail recreational area for an hour each day "unless the Court receives information as to why [Gaver] should not be allowed out of her jail cell and into the recreational facility once a day."

**¶3**     The Sheriff filed a petition for special action, asking this court to vacate the superior court's order.  In her response, Gaver urges that we accept jurisdiction, arguing the petition presents an issue of statewide importance.

¶4            This court accepts jurisdiction of the petition because the Sheriff, a non-party to the criminal proceeding, lacks an adequate remedy at law. Ariz. R.P. Spec. Act. 1(a). We grant relief to the Sheriff because the superior court erred by entering the challenged order in a proceeding to which the Sheriff is not a party and in the absence of admissible evidence of a constitutional violation.

¶5            Absent proof of a constitutional violation, "the judiciary has no authority to usurp the functions of the executive branch." *Judd v. Bollman*, 166 Ariz. 417, 419 (App. 1990). "Courts have limited authority to interfere with a sheriff's duties to maintain and operate the county jails pursuant to the Arizona Constitution and A.R.S. §§ 11-441(5) and 31-101, and then only to determine whether specific constitutional violations exist and in doing so to order narrow remedies to correct those violations." *Id.*

¶6            A criminal defendant may challenge the conditions of detention by filing a civil action alleging a violation of her constitutional rights. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Baker v. Rolnick*, 210 Ariz. 321 (App. 2005). Gaver, however, has provided no authority, and we are aware of none, that allows such a claim to be brought in the criminal case. The Sheriff is not a party to Gaver's criminal proceeding, and whether the conditions of her confinement violate her constitutional rights is not properly at issue in that proceeding. The superior court therefore erred in ordering the Sheriff to allow Gaver daily recreational time.

¶7            The court also erred by ruling without receiving any evidence. Although the court stated its order was subject to modification upon new "information" from the Sheriff, a plaintiff alleging a civil rights claim has the burden to offer admissible evidence sufficient to prove the violation. *See generally Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 532, ¶ 6 (2003) (when defendant offers immunity defense, plaintiff "bears the initial burden of proving a violation of a clearly established constitutional or statutory right"). The court in this case erred by basing its finding of a constitutional violation solely on a statement by Gaver's counsel, without receiving any admissible evidence on the matter.

3

¶8       For the reasons stated, the superior court erred as a matter of law in ordering the Sheriff to permit Gaver an hour in the recreation yard each day. The court's order to that effect is vacated.



Ruth A. Willingham · Clerk of the Court
FILED : ama