NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

STEPHANIE RECTOR, *Petitioner/Appellant*,

*v.*

JOHN STEVENSON, *Respondent/Appellee.*

No. 1 CA-CV 21-0164 FC
FILED 12-30-2021

Appeal from the Superior Court in Maricopa County
No. FC2010-091675
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Bert L. Roos, P.C., Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellant*

Law Offices of Matthew S. Schultz, P.C., Tempe
By Matthew S. Schultz
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1        Stephanie Rector ("Mother") appeals from the superior court's orders regarding Mother's petition to modify child support and the attorneys' fees awarded to John Stevenson ("Father"). For the following reasons, we affirm in part, vacate and remand in part.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Mother and Father share a daughter, P.S., born in 2006. They have equal parenting time and joint legal decision-making authority over P.S., though Father has final decision-making authority. In July 2019, Mother was ordered to pay $35 in monthly child support and an additional $100 per month in past due child support.

¶3        In December 2019, Mother filed a petition to modify child support, alleging she had an increase in childcare costs of $175 and Father was no longer paying the $298 in private education expenses he had been attributed. Father filed two contempt motions, in June and October 2020 respectively, alleging Mother was violating multiple court orders. Per Father's request, the two contempt motions and the petition to modify were consolidated and the court heard arguments on all three in a single hearing that it conducted virtually with videoconferencing.

¶4        At the hearing, Father's counsel objected to Mother testifying about her childcare costs, arguing the Arizona Child Support Guidelines ("Guidelines") did not allow the court to consider childcare costs when the parties share equal parenting time. Father also noted the parties had a parenting time and legal decision-making order in place that stated the parties were both responsible for their own childcare costs. The court agreed and sustained the objection. Mother and Father testified about the remaining issues.

¶5        The court found Father's income had decreased, Mother's income slightly increased, and Father was no longer paying extra education expenses. Mother's child support obligation was increased to $207 per

month. The superior court found Mother in contempt for failing to pay her child support arrearage, and increased her monthly arrearage payment to $150, for a total child support obligation of $357 per month. Mother was also found in contempt for violating multiple court orders, including wrongfully claiming P.S. on her taxes, exercising medical decisions without Father's approval, taking P.S. out of the country without Father's or the court's permission, failing to reimburse Father for medical expenses, and failing to comply with the parenting time order. As a result the superior court awarded Father $5,000 in attorneys' fees.

¶6        Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.     Due Process

¶7        Mother argues her due process rights were violated because the two-hour hearing provided insufficient time to address her petition to modify child support and Father's two contempt petitions.

¶8        The court "may impose reasonable time limits appropriate to the proceedings," Ariz. R. Fam. Law P. 22(a), and "whether additional time is necessary remains committed to the court's discretion." *Backstrand v. Backstrand*, 250 Ariz. 339, 347, ¶ 29 (App. 2020). Mother was aware of the time allotted for the hearing, but she did not object or ask for more time before the hearing. At trial, Mother's counsel noted he was concerned the parties did not "have the full necessary time" to address the three issues, but counsel stated he just wanted "to bring that up to the Court's attention" and did not otherwise object. At the conclusion of the hearing, counsel did not request additional time, nor did he suggest that he had been unable to present all of his evidence.

¶9        "Procedural due process . . . requires nothing more than an adequate opportunity to fully present factual and legal claims." *Kessen v. Stewart*, 195 Ariz. 488, 492, ¶ 16 (App. 1999). Mother's untimely objection fails to identify any specific evidence she would have presented had she been given additional time to present her case. *See In re Marriage of Dorman*, 198 Ariz. 298, 303, ¶ 13 (App. 2000). And, contrary to Mother's contention, the transcript demonstrates Mother had the opportunity to cross-examine Father and provide rebuttal testimony. Mother's due process rights were not violated.

¶10      Mother also argues a video hearing violated her due process rights because the court was unable to adequately judge the credibility of the witnesses and the testimony presented. However, Mother fails to explain how the use of videoconferencing prevented the court from observing and listening to the witnesses such that her due process rights were violated. We are unpersuaded by the generalized argument that the use of videoconferencing is unconstitutional. This is especially so as the court strived to manage its calendar during a global pandemic. *See Findlay v. Lewis*, 172 Ariz. 343, 346 (1992) (the superior court has broad discretion over the management of its docket). We find no error.

## II.      Child Support Modification

¶11      Mother argues the court erred when it modified her child support obligation. A child support order can be modified "upon a showing of a substantial and continuing change of circumstances." A.R.S. § 25-320 app. § 24(A) (2018). "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

### A.      Father's Income

¶12      Mother argues the superior court erred in determining Father's income when calculating her child support obligation. Mother's child support obligation was previously $35 per month based upon Father's income of $6,000 per month. At the evidentiary hearing, Father presented evidence, including bank statements and his affidavit of financial information, that indicated he was currently earning about $2,400 per month. Father also submitted his most recent tax return, demonstrating he had earned $3,286.25 in monthly income the prior year. The court ultimately attributed the $3,286.25 figure to Father.

¶13      Mother argues Father's income is greater than the court found and cites to previous superior court orders in which the court found Father to have a higher income. But these orders were based on evidence that has no bearing on Father's current income. Mother argues that Father's income could not have changed within the eighteen-month period between the July 2019 child support order and the December 2020 hearing. But, in accepting Father's current figures as true, the superior court made a credibility determination we cannot now disturb. We do not reweigh the evidence and "[w]e must give due regard to the trial court's opportunity to judge the

credibility of the witnesses." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

¶14 Mother also argues the court should have attributed a higher income to Father because the Guidelines allow a court to attribute income based on the parent's earning capacity if the court finds a parent is unemployed or underemployed voluntarily. *See* A.R.S. § 25-320 app. § 5(E). While it is within the court's discretion to attribute a higher income to a parent when the evidence so supports, here the court did not find Father to be voluntarily underemployed and no evidence supports that Father's earnings were reduced "as a matter of choice." *See id.*

¶15 The evidence supports the superior court's finding that Father had a monthly income of $3,286.25. The superior court did not err in finding Father's lower income to be "a substantial and continuing change of circumstances" that justified child support modification. *See* A.R.S. § 25-320 app. § 24(A); *Nia v. Nia*, 242 Ariz. 419, 423, ¶¶ 9-14 (App. 2017).

### B. Childcare Expenses

¶16 Mother contends the superior court also erred in failing to consider her after-school care costs when modifying child support.

¶17 At the hearing, opposing counsel and the superior court erroneously interpreted the Guidelines as precluding the court from considering childcare costs when the parties share equal parenting time. As a result, Mother was prevented from testifying about an increase in her childcare costs. Father argues prior court orders established that Mother and Father were responsible for their own childcare costs, and so any misinterpretation of the Guidelines was harmless. However, the change in Mother's childcare costs is the very reason Mother sought to modify the current child support orders.

¶18 The superior court is not required to credit a parent for his or her childcare costs. *See* A.R.S. § 25-320 app. § 9(B)(1) (the court "[*m*]*ay* add to the Basic Child Support Obligation amounts" for "[c]hildcare expenses that would be appropriate to the parents' financial abilities") (emphasis added). However, the court prevented Mother from presenting any evidence of her childcare costs. And the decision to exclude this evidence was based upon an erroneous interpretation of the law. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005) (citation omitted) (an abuse of discretion occurs when the court commits an error of law). We remand on this issue for the superior court to consider Mother's evidence regarding a change in

childcare costs. We do so without expressing any opinion as the weight to be accorded this evidence or the ultimate determination on this issue.

III.    Attorneys' Fees

**¶19**        Mother argues the superior court erred in awarding Father his attorneys' fees. We review the superior court's award of attorneys' fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004). An abuse of discretion occurs if there is no evidence to support the court's decision or if the court commits an error of law. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006).

**¶20**        The superior court awarded Father his attorneys' fees pursuant to A.R.S. § 25-324(A), which states the court may award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken." Mother argues Father has greater financial resources. Notwithstanding the fact the evidence at the hearing proved otherwise, the superior court found no financial disparity and balanced this with Mother's unreasonable behavior and violation of multiple court orders when deciding to award fees. Mother does not challenge these findings, and even states she "does not disagree that a portion of the attorneys fees related to the contempt issues should have been awarded." She instead "disagrees that the entire amount should have been awarded." The court has wide discretion to award attorneys' fees in family law proceedings, and Mother fails to explain how the court abused its discretion in awarding $5,000 in fees. *See Orfaly*, 209 Ariz. at 265, ¶ 18. We find no error.

**¶21**        Mother argues Father acted unreasonably by requesting continuances of the modification proceeding. Mother fails to explain how this was unreasonable, particularly when she did not object to two of the three requests for continuances, and the court ultimately granted each request.

**¶22**        Finally, Mother argues the superior court would not have awarded fees had she been able to adequately present her case and had her due process rights not been violated. But as explained above, Mother's due process rights were not violated. The superior court did not abuse its discretion in awarding Father his attorneys' fees.

## CONCLUSION

**¶23**        For the foregoing reasons, we vacate the child support order and remand for proceedings consistent with this decision. We affirm the

superior court's ruling in all other respects. Both parties request an award of their attorneys' fees on appeal pursuant to A.R.S. § 25-324(A). We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal. In the exercise of our discretion, we decline to award fees and costs.

